(95 South. 472)

**Ex parte CENTRAL IRON & COAL CO.**

**CENTRAL IRON & COAL CO. v. PENNINGTON.**

(6 Div. 756.)

(Supreme Court of Alabama.  Jan. 18, 1923.)

**1. Master and servant ⬡⇒348—Compensation Act liberally construed.**

The Workmen's Compensation Act, being remedial in nature, will be given a liberal construction to accomplish its purpose.

**2. Master and servant ⬡⇒382—Settlement contemplated by Compensation Act must be approved by court.**

The settlement between the parties, contemplated by Workmen's Compensation Act, § 12b, to be binding, must be approved by the court and judgment rendered thereon.

**3. Master and servant ⬡⇒393—Compensation payable to child on widow's remarriage.**

Workmen's Compensation Act, § 14, subsec. 6, providing for a total dependent widow and child, is subject to the provisions of subsections 9 and 14 for termination of payment, and subsection 17 for maximum death compensation without any limitation by subsections 10 and 15 as to a dependent orphan and partial dependents, so that, where compensation for death of a husband was being paid to the widow for the benefit of herself and a child and the widow remarried, compensation amounting to 40 per cent. of decedent's average weekly earnings was payable to the child.

**4. Statutes ⬡⇒225½—Special provisions of statute not modified by general unless different intent shown.**

The unequivocal and special provisions of a statute will not be held to be modified by general provisions, if there be not a clear manifestation of a different intent to be found in the statute.

Certiorari to Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Petition of the Central Iron & Coal Company for common-law certiorari to review the action of the circuit court awarding judgment for the plaintiff in a proceeding instituted by Mary Alice Pennington, by her next friend, against the Central Iron & Coal Company, under the Workmen's Compensation Act. Writ denied; judgment affirmed.

Jones, Jones & Van de Graaff, of Tuscaloosa, for petitioner.

Upon the marriage of a dependent, compensation to such dependent shall terminate. Acts 1919, p. 206, § 14. The plaintiff is not entitled to receive more than 30 per cent. of decedent's wages. Acts 1919, p. 206, § 14(10).

Edward de Graffenried, of Tuscaloosa, for respondent.

The remarriage of the widow merely changed the beneficiary from the widow to the child, without affecting the amount to be paid. Acts 1919, p. 218(9).

THOMAS, J. The certiorari was to review the decree of the circuit court in a cause brought under the Workmen's Compensation Act. Gen. Acts 1919, p. 206; Ex parte A. Diniaco & Bros. et al., 207 Ala. 685, 93 South. 388; Ex parte Majestic Coal Co. et al. (Ala. Sup.) 93 South. 728;[1] Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803; Steagall v. Sloss-Sheffield S. & I. Co., 206 Ala. 488, 90 South. 871; and Ex parte Sloss-Sheffield S. & I. Co., 207 Ala. 531, 93 South. 425.

[1] This act, being remedial in nature, will be given a liberal construction to accomplish the purpose of the enactment. Ex parte Majestic Coal Co. et al., 208 Ala. 86, 93 South. 728.

[2] It is provided by section 12b of the Act (1919, p. 210):

"The interested parties shall have the right to settle all matters of compensation and all questions arising hereunder between themselves; provided that all settlements made hereunder must be in amount substantially the same as the amounts or benefits stipulated in this act, unless a judge of the circuit court of the county where the claim for compensation under this act is entitled to be made or upon the written consent of the parties a judge of the circuit court or a judge of the probate court of any county determines that it is for the interest of the employee to accept a lesser sum and approves such settlement. Any settlements hereunder may be vacated for fraud, undue influence or coercion upon application made to the judge approving the settlement at any time not later than six months after the date of the settlement."

The settlement between the parties contemplated by the statute to be binding must be approved by the court and judgment rendered thereupon as provided by the statute. Ex parte Sloss-Sheffield S. & I. Co., 207 Ala. 531, 93 South. 425. The payments and acceptance thereof or settlement of the widow for herself and minor daughter, Mary Alice Pennington, were not so entered of record as to have the effect of a judgment.

The facts set up in the pleadings are that an employee (John Pennington) of the Central Iron & Coal Company was killed on May 20, 1920, leaving a widow (Mary), who, on September 1st of the same year, remarried, and an infant daughter (Mary Alice, who was less than one year of age at the death of the father); that the latter brought her suit (December 20, 1921) in the circuit court by next friend; that a guardian ad litem (Mr. Edward de Graffenried) was appointed by the court to represent the rights of such infant plaintiff in said cause. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803. To the formal and duly verified complaint of plaintiff the Central Iron & Coal Company answered, and to the last pleading plaintiff replied.

It is averred in the answer that at and before the date of the death of employee his average weekly earnings were $31.85, which was payable monthly; that the aforesaid widow remarried on September 1, 1920, and, at the time of the answer, was the wife of one Charles, with whom she was living as her husband, and who was able and actually did support her, earning $25 per week. It is further averred in the answer that upon the death of said Pennington, defendant began paying said widow $13 per week, in semi-monthly payments, and "1 per week thereof being paid to said Mary Pennington for and on account of Mary Alice Pennington, the infant daughter of the said" deceased; that the several payments of $13 per week, beginning on May 30 and extending to November 11, 1920, aggregated the sum of $286; that in addition to foregoing payments defendant paid the sum of $30 on account of the burial expenses of the said John Pennington; that defendant did not know of the remarriage of said Mary Pennington until after the 11th day of November, 1920, when it discontinued further payments; that to the time of the death of said John Pennington, his infant daughter did not receive more than one-tenth of his total income, or that no larger sum thereof was expended for or on account of her support and maintenance than $3 per week.

The reply of plaintiff to the answer concludes with the statement of the dependence of the infant of such tender years upon its father; that no account had been kept of such expenditure made by the father for her support and maintenance; that—

"It is impossible to tell what will be necessary for the said Mary Alice Pennington during the future years of her minority and the money to which Mary Alice Pennington is entitled in this proceeding will be expended for her use under the orders of a court of competent jurisdiction by her guardian, and as she increases in age her necessities, including the expenses of her education, will increase, and it is impossible for any person at this time to forecast or determine such necessities."

The Workmen's Compensation Act contains provisions to the effect that (a) wife and children are conclusively presumed "wholly dependent," unless the wife "be known" to be voluntarily living apart from her husband at the time of his injury or death, or it be shown "that the husband was not in any way contributing to her support"; that (b) "minor children under the age of sixteen years" are wholly dependent; and that "if the deceased employee leave a dependent widow or dependent husband and one dependent child, there shall be paid to the widow for the benefit of herself and such child forty per centum of the average weekly earnings of the deceased." See Acts 1919, § 14, subsecs. a, b, and 6, pp. 217, 218.

Forty per centum of decedent's average weekly earnings was $12.74; and no doubt it was under the foregoing provisions that the Central Iron & Coal Company was paying to November 11, 1920, $26 every two weeks to the widow and her infant daughter.

Questions for decision are:

[3] Whether (1) subsection 6 of section 14 of the act as to the rights of a total dependent is limited by subsequent provisions of the act; (2) what effect the remarriage (in September, 1920) of the widow to one Charles, who was maintaining her as his wife, had upon her right of compensation under the statute; (3) what effect the remarriage of said widow, the mother of the infant Mary Alice Pennington, has upon her right of compensation as one "wholly dependent" upon her father for support and maintenance.

The Alabama statute was taken from the Minnesota statute, the text of which is set out in 2 Honnold on Workmen's Compensation, p. 1308 et seq. A provision of our statute (Acts 1919, § 14, subsec. 9, p. 218) is:

"In case of remarriage of a widow of an employee who had dependent children, the unpaid balance of compensation, which would otherwise become due to her, shall be paid to such children."

The immediately succeeding provisions of the statute are for payments to a "dependent orphan" (subsection 10, p. 219), to dependent husband where there is no dependent child (subsection 11, p. 219), to dependent parent or parents, where there is no dependent widow, child, or husband entitled to payment (subsection 12, p. 219), to dependent grandparent, brother, sister, mother-in-law, or father-in-law wholly dependent on decedent for support, where there is no dependent widow, child, or husband or parent entitled to any payment under the statute (subsection 13, p. 219), and that—

"If compensation is being paid under part 2 of this act to any dependent, such compensation shall cease upon the death or marriage of such dependent, and the dependency of a child shall terminate with the age of 18 unless otherwise provided herein." Subsection 14, p. 219.

These provisions of the statute are in pari materia, and when liberally construed to effectuate the purpose of the statute, support the finding of the trial court. Ex parte Majestic Coal Co. et al. (Ala. Sup.) 93 South. 728.[2] That is to say, the statute recognizes that after the widow remarries the duty arising from the relation to the former husband, or the situation of dependence induced by or arising from that relationship, to the widow and to any subsequent offspring that may be born to her by last husband, does not exist. The statute recognized that the husband in life was charged with the duty of supporting his wife, and presumed that he had so provided; hence the provision of that statute, that upon her remarriage, and there being a dependent child or children by deceased husband, the "unpaid balance of compensation, which would otherwise become due her (the widow), shall be paid to such child" or children; the remarriage merely changing the beneficiary.

However, it must be noted that the "death compensation" payable or provided by the act is:

"The compensation payable in case of death wholly dependent shall be subject to a maximum compensation of twelve dollars ($12.00) per week and a minimum of five dollars ($5.00) per week; provided that if at the time of injury the employee receives earnings of less than five dollars ($5.00) per week, then the compensation shall be the full amount of such earnings per week. The compensation payable to partial dependents shall be subject to a maximum of twelve dollars ($12.00) per week and a minimum of five dollars ($5.00) per week; provided that if the income loss of the said partial dependents by such death is less than five dollars ($5.00) per week, then the dependents shall receive the full amount of their income loss. This compensation shall be paid during dependency not exceeding three hundred (300) weeks, payments to be made at the interval when the earnings were payable as nearly as may be." Acts 1919, § 17, p. 220.

In the instant case, the widow and infant daughter of decedent Pennington—wholly dependent—were total dependents (section 14, subsecs. 2, b, and 3, pp. 217, 218, of the act); and as such, the compensation payable to them for the death of their husband and father was subject to the terms of subsection 17, p. 220, of the act, as fixing the maximum compensation "payable in case of death" to a "wholly dependent child." Hence the applicable provisions of subsection 17, p. 220, of the act, will be read into subsection 6 as a limitation thereof. Acts 1919, pp. 218, 220.

There is no conflict in subsection 10 (page 219 of the act) with subsections 6 and 17 (pages 218 and 220 of the act), as the former is a provision for a "dependent orphan" who was not a dependent child. The provisions of subsections 14 and 9 (pages 218 and 219 of the act), when considered in pari materia, are harmonious; the former in general terms is merely providing for the termination of payment, when the dependency ceases. There are several classes of dependents, of which, for the purpose of this decision, are (1) dependents who are children, who are wholly dependent for support and maintenance on decedent; and (2) dependents (who are not children) who are wholly dependent— the payments to the former class may be termined by death, marriage, or becoming of the age of 18 years "unless otherwise provided." Subsections 6, 9 (page 218), 14 (page 219), 17, and 18 (page 220), of the act.

The provisions of section 15, p. 219, of the act, are limited by its terms to "partial dependents," and have no application to those otherwise described by the act as "actual dependents" or as "wholly dependent." Subsections 6 and 17, pp. 218 and 220, of the act.

Under the subheading of "Death Compensation" (page 220 of the act) is section 15, p. 221, as follows:

"If compensation is being paid under this act to any dependent, such compensation shall cease upon the death or marriage of such dependent. Where compensation is being paid under this act to any dependent, in no event shall such dependents receive more than the proportion which the amount received of the deceased employee's income during his life bears to the compensation provided hereunder."

[2] 208 Ala. 86.

[4] The first provision of said section 15 is a re-enactment of parts of subsection 14, p. 219. as to any dependent; yet it was not the intention thereby to modify the provisions or limitations theretofore made as to dependent children, as to termination of payment at or within the age of 18, unless otherwise provided (subsection 14, p. 219, of act), or those over 18 years of age who are physically or mentally incapacitated (subsection 18, p. 220, of the act). The last provision of section 15. p. 221, is in general terms, not intended to strike down the specific provisions of the act that we have adverted to. Its meaning, that we gather from its provisions, is that where an employee dies his dependents, who are not wholly dependent on him for support, are not to receive more than the proportion of the amount received, by such dependent, of the deceased employee in life, bears to the compensation provided by the act. The instant case of an infant child, wholly dependent on the father, where no means of ascertaining what was contributed by the father to its support while it was "in the arms of the mother," as it were, exists, it will not be said that its allowance under the provisions of section 15, p. 221, of the act, has to be limited to "the proportion which the amount received by her" (we interpolate "by her") of the deceased employee's income during his life bears to compensation provided hereunder." Plaintiff's replication to the answer stated an obvious fact that it was impossible to ascertain what the father in life contributed of his income to the maintenance and support of this infant daughter. Moreover, the provisions of section 15, p. 221, are merely general, while those of subsection 9 are unambiguous and explicit and necessary to a right administration and enforcement of the provisions of the statute to the beneficent ends of the obvious enactment, the terms of which will be liberally construed. The unequivocal and specific provisions of a statute will not be held to be modified by general provisions if there be not a clear manifestation of a different intent to be found in the statute. 36 Cyc. 1130; 25 R. C. L. p. 1010, §§ 250, 251; State v. Bates, 96 Minn. 110, 104 N. W. 709, 113 Am. St. Rep. 612; Jones v. Drewry, 72 Ala. 311, 315: Cloverdale Homes v. Town of Cloverdale, 182 Ala. 419, 431, 62 South. 712, 47 L. R. A. (N. S.) 607.

The judgment in common-law certiorari. such as is the instant matter (Ex parte Smith Lumber Co., 206 Ala. 485, 90 South. 807), is that the proceedings below be either quashed or affirmed in whole or in part (Independent Pub. Co. v. Am. Press Asso., 102 Ala. 475, 15 South. 947; Finney v. Baker, 201 Ala. 521, 78 South. 875; Ex parte Nat. Lumber Mfg. Co., 146 Ala. 600, 41 South. 10; Max J. Winkler Brok. Co. v. Courson, 160 Ala. 374, 49 South.

341; Phillips v. Holmes, 165 Ala. 250, 255, 51 South. 625; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803).

The writ is denied, and the judgment of the circuit court is, accordingly, affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.