## Ex parte MT. CARMEL COAL CO.

## MILLER v. MT. CARMEL COAL CO.

## (6 Div. 888.)

(Supreme Court of Alabama. May 17, 1923.)

1. **Master and servant** ⬅398—**Notice held to satisfy requirements of Compensation Act.**

Where due notice of the accident was given within 90 days and death resulted thereafter, from the accident, no further notice of death was required by Workmen's Compensation Act, §§ 19, 20; and where the employer on receiving proof of the accident within the 90 days allowed for notice paid compensation, it was not necessary to give notice, as the employer knew of the accident and waived notice by payment.

2. **Master and servant** ⬅412—**On review in compensation case, court will consider bill of exceptions with omissive findings.**

If the recitals of special findings of fact in proceedings under the Workmen's Compensation Act are too meager or omissive to inform the court of review in respect of the entire circumstances having relation to the point in contest, the bill of exceptions will be considered along with the finding of facts.

Certiorari to Circuit Court, Walker County; R. L. Blanton, Judge.

Petition of the Mt. Carmel Coal Company for certiorari to the circuit court of Walker county to review the judgment and finding of the judge of said court in a proceeding by Icy Miller against the Mt. Carmel Coal Company under the Workmen's Compensation Act. Writ denied.

Coleman D. Shepherd, of Jasper, for petitioner.

Failure to give notice of the death of an employé, resulting from injury, within 90 days after the death, is a bar to recovery. Acts 1919, p. 223; Hopper v. Wilson & Co., 111 Kan. 539, 207 Pac. 757. A court of review will consider the bill of exceptions where the trial court's findings are meager or omissive. Ex parte L. & N. R. Co., 208 Ala. 216, 94 South. 289; Ex parte S. S. S. & I. Co., 207 Ala. 219, 92 South. 458; State v. Dist. Court, 132 Minn. 251, 156 N. W. 278; State v. Court, 142 Minn. 335, 172 N. W. 133.

Leith & Powell, of Jasper, opposed.

Notice having been given of injury before the death of the employee, no notice of death was required. Acts 1919, pp. 223, 234, §§ 19, 20.

THOMAS, J. The suit is by the widow of a deceased employee, and the certiorari is that at common law. Ex parte Central Iron & Coal Co. (Ala. Sup.) 95 South. 472.[1] It seeks to review the action of the trial court in allowing compensation, under the Workmen's Compensation Law, where death had resulted from the accident. Gen. Acts 1919, p. 206.

[1] The provisions of the act, as to notice, are:

"Every injured employee or his representative shall within five days after the occurrence of an accident give or cause to be given to the employer written notice of the accident and the employee if he fails to give such notice, shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this act, unless it can be shown that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, or fraud or deceit, or equal good reason, but no compensation shall be payable unless such written notice is given within ninety days after the occurrence of the accident, or where death results within ninety (90) days after the death." Gen. Acts 1919, § 19, p. 223.

Of "service and requisites of notice," it is said the same may be made "personally" upon the employer or any agent "upon whom a summons may be served in civil action, or by sending it by registered mail to the employer at the last-known residence or business place thereof within the State"; that a notice "substantially" in the form prescribed will be sufficient; and that "no variation from this form shall be material if the notice is sufficient to advise the employer that a certain employee, by name, received a specified injury in the course of his employment on or about a specified time, at or near a certain place specified." Gen. Acts 1919, § 20, pp. 223, 224; Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 531, 532 (2), 93 South. 425. Due notice having been given

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 22.

within 90 days after the accident which resulted in death, no other or further notice of death is required. 2 Honnold on Workmen's Compensation, §§ 19, 20, p. 1317. This is the liberal construction required of the act to the ends in view. Ex parte Central Iron & Coal Co. (Ala. Sup.) 95 South. 472; [2] Ex parte L. & N. R. Co., 208 Ala. 216, 94 South. 289. It results that the trial judge is correct in the observation that—

" * * * If notice of the accident has been given within the 90 days and death results thereafter from the accident, no further notice of death is required. In the present case, while no notice is averred as given, it is averred that proof of the accident was made, that $48 compensation was paid by defendant upon or for the accident. This under the allegations was paid within the 90 days allowed for notice, and is equivalent to alleging notice, for if the company received the proof and paid the compensation thereon it knew of the accident, and it was not necessary to give notice, and furthermore when they paid the compensation, they waived notice." State ex rel. Crookston Lumber Co. v. Dist. Court, 132 Minn. 251, 156 N. W. 278.

[2] The appellant insists that recourse be had to the bill of exceptions to ascertain whether or not plaintiff's intestate's death was caused by reason of the accident received, within the terms of the Workmen's Compensation Act. It is held that where the recitals of special findings of fact are "too meager or omissive fully to inform the court [of review] in respect of the entire circumstances having relation to the point in contest, the bill of exceptions will be considered along with the special finding of facts." Ex parte L. & N. R. Co., 208 Ala. 216, 94 South. 289. And such was the holding of the Minnesota court. State ex rel. Niessen v. Dist. Court of Ramsey County, 142 Minn. 335, 172 N. W. 133. This is the recourse by bill of exceptions in "the absence of such statement." Ex parte Sloss-Sheffield Steel & Iron Co. (Greek Case), 207 Ala. 219, 92 South. 458; Long v. Bergen County Court, 84 N. J. Law, 117, 86 Atl. 529. An inspection of the finding of fact by the former circuit judge presiding at the original trial or hearing, as set forth by him in his decree of January 13, 1923, is such as, under the last-stated rule (Ex parte Sloss-Sheffield Steel & Iron Co. [Greek Case], supra), to prevent us from making reference to the bill of exceptions set out in the "certiorari return." However, a consideration of the record convinces us there was no error in the judgment as corrected on motion.

The writ of common-law certiorari is denied, and the judgment of the circuit court is accordingly affirmed.

Writ denied.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.