(99 South. 99)

## Ex parte JAGGER COAL CO.

### JAGGER COAL CO. v. LIGE et al.

### (6 Div. 13.)

(Supreme Court of Alabama. Jan. 17, 1924. Rehearing Denied Feb. 7, 1924.)

**1. Master and servant ⬤412—Bill of exceptions may be considered to supply omissions in findings of fact in compensation case.**

If the recitals of special findings of fact in proceedings under the Workmen's Compensation Act are too meager or omissive to inform the court of review in respect of the entire circumstances having relation to the point in contest, the bill of exceptions will be considered along with the finding of facts.

**2. Master and servant ⬤412—Findings in compensation case held sufficient.**

On a petition for certiorari to review an award of the trial court under the Workmen's Compensation Act, findings of fact of the trial judge as to amount of earnings of deceased employee, a minor, and as to his contributions to the claimants, his parents, and that a relation of partial dependency existed between deceased and his parents, entitling them to some compensation for his death, held to sufficiently comply with Workmen's Compensation Act, §§ 21, 28, and to render unnecessary recourse to the bill of exceptions exhibited in the return to certiorari.

**3. Master and servant ⬤412—Questions of dependency in compensation case held questions of fact.**

Questions of total or partial dependency arising under Workmen's Compensation Act, § 14, subsecs. 3, 3A, and the amounts of the award within the limitation of the statute, except where the statute expressly establishes a conclusive presumption, are questions of fact.

Certiorari to Circuit Court, Jefferson County; John Denson, Judge.

Original petition of the Jagger Coal Company for certiorari to the circuit court of Jefferson county to review the judgment and finding of said court in a proceeding under the Workmen's Compensation Act by Henry

Lige and others against the Jagger Coal Company. Writ denied.

T. A. Saulsbury, of Birmingham, for petitioner.

The finding by the trial judge does not comply with the law. Acts 1919, p. 227, § 28. The evidence shows deceased did not contribute anything to his parents for four months; hence they could not recover as dependents. Acts 1919, p. 217, § 14 (3), (3a).

James S. Edson, of Montgomery, and Lange & Simpson, of Birmingham, opposed.

The finding of the court is in substantial compliance with the law. Ex parte Sloss Co., 207 Ala. 219, 92 South. 458. Dependency is a question of fact. 6 Neg. Comp. Cas., 282; 1 Bradbury's Work. Comp. 573; So. Surety Co. v. Hibbs (Tex. Civ. App.) 221 S. W. 303.

THOMAS, J. The petition is for certiorari, and presents for review the several questions we shall consider.

The first assignment of error challenges the sufficiency of the decree of the trial court, in that it did not "contain a statement of the law and facts and conclusions as determined by the judge" in compliance with the procedure prescribed by statute in "cases of dispute," etc. Gen. Acts 1919, p. 227, § 28. The provisions of the statute were considered in Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803, and it was declared that "conclusions of the judge supported by any of the evidence or in the application of the law to disputed facts" would not be reviewed; and it has been further declared by this court that no technical questions as to the admissibility of evidence will be considered. Ex parte Thomas, 209 Ala. 276, 96 South. 233. In Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case) 207 Ala. 219, 92 South. 458, the provisions of sections 21 and 28 of the Workmen's Compensation Act (Gen. Acts 1919, p. 227) were again reviewed, and it was there declared:

"The statement of law, facts, and conclusions required by Workmen's Compensation Act, § 28, is necessary to make serviceable the review by certiorari provided for by section 21, and strict compliance with the statute is necessary; the absence of such statement affording ground for review.

"Statement in record of the law, facts, and conclusions, as determined by the judge, *held*, in facie, a substantial and sufficient compliance with Workmen's Compensation Act, § 28, requiring such statement on review by certiorari.

"Workmen's Compensation Act, §§ 21, 28, providing for review by certiorari on a statement by the trial judge, contemplates that his conclusions of fact must be based on legal evidence; but, where there is any such evidence to support the finding, the latter is conclusive, and no technical questions as to the admissibility of evidence will be considered."

[1] In the later cases of Ex parte Louisville & N. R. Co., 208 Ala. 216, 94 South. 289, Ex parte Thomas, 209 Ala. 276, 96 South. 233, Ex parte Mt. Carmel Coal Co. (Miller's Case) 209 Ala. 519, 96 South. 626, and Ex parte Shaw, 97 South. 694,[1] it was held that if the recitals of special findings of fact in proceedings under the Workmen's Compensation Act are too meager or omissive to inform the court of review in respect of the entire circumstances having relation to the point in contest, the bill of exceptions will be considered along with the finding of facts.

[2] The special findings of the trial judge are sufficient compliance with the provisions indicated of sections 21 and 28 of the Workmen's Compensation Act. It is not necessary that we have recourse to the bill of exceptions exhibited in the return to certiorari. Ex parte Mt. Carmel Coal Co. (Miller's Case) 209 Ala. 519, 96 South. 626.

[3] Under the American compensation statutes, it is held that, except with regard to those dependents who are by the express provisions of the statute conclusively presumed to be dependents (Ex parte Thomas, 209 Ala. 276, 96 South. 233; Ex parte Central I. & C. Co. [Pennington's Case] 209 Ala. 22, 24, 95 South. 472) the questions of total or partial dependency and the amounts of the award (within the limitations of the statute) are questions of fact (Ex parte Thomas, 209 Ala. 276, 96 South. 233; Ex parte Central I. & C. Co. [Pennington's Case] 209 Ala. 22, 95 South. 472; Ex parte Majestic Coal Co. [Polo's Case] 208 Ala. 86, 93 South. 728; 6 Neg. & Comp. Cases, p. 286, n.; Honnold on Work. Comp. p. 256, § 80; 1 Bradbury's Work. Comp. pp. 572, 583, §§ 18, 19; Harper's Work. Comp. p. 254, § 128; 1 Schneider's Work. Comp. Law, p. 964, § 375; page 1420, § 524; Southern Surety Co. v. Hibbs [Tex. Civ. App.] 221 S. W. 303; State ex rel. Globe Indemnity Co. v. District Court, 132 Minn. 249, 156 N. W. 120), and so also is the amount or amounts of compensation a question of fact (Gen. Acts 1919, p. 217, § 14, subsecs. 3, 3A).

The finding of facts of the judge in compliance of last cited provisions of the statute is:

"He [deceased] was employed for a while in Birmingham on public work and in the employment of the defendant at $4.10 per day as a laborer in the coal mines. He worked for the defendant three weeks and one day at this rate of compensation, when he was killed. At the time of his death, he had not earned sufficient money to pay his personal debts incurred while seeking employment, to wit, $16, but just prior to his death had written his mother that he had gotten this job with defendant and as soon as he paid these debts, he would begin to send his wages home.

"At time of death, decedent had actually earned at public work enough to pay his personal debts and expenses for the entire year, both incurred while making a crop and while engaged in public work. His contribution of two-thirds

---

[1] 210 Ala. 185.

the family crop to his father and mother would, therefore, have been net to them.

"The average weekly amount earned by a person in the same grade of employment at the same work by the same employer as the decedent was, to wit, $21.50 for the 52-week period immediately preceding his death.

"The court finds that the total crop value produced as aforesaid for the year of decedent's death, including cotton, peanuts, sweet potatoes, garden produce, etc., was, to wit, $1,115. Two-thirds the value thereof was contributed by decedent to his father and mother. That part of the income received by the father and mother of decedent which was contributed to them by decedent was two-thirds of their total income. Had the said father and mother been totally dependent on decedent they would have been entitled to $390 per year as compensation for this death. The court finds that the said father and mother were dependent upon the decedent for only two-thirds of their total income which would make them partial dependents. The father and mother would therefore be entitled to receive two-thirds of said sum of $390 per year or $260, or on a basis of weeks $5 per week."

This finding of facts as to amount of decedent's earnings and contributions is controverted by the petitioner, and a bill of exceptions is presented to provoke a review of this finding of facts. As we understand the cases of Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803; Ex parte W. T. Smith Lbr. Co., 206 Ala. 485, 90 South. 807; Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case) 207 Ala. 219, 92 South. 458; Ex parte L. & N. R. Co., 208 Ala. 216, 94 South. 289; Ex parte Shaw, 97 South. 694; [2] Ex parte Thomas, 209 Ala. 276, 96 South. 233; Ex parte Central I. & C. Co. (Pennington's Case) 209 Ala. 22, 95 South. 472; Ex parte Mt. Carmel Coal Co. (Miller's Case) 209 Ala. 519, 96 South. 626; Ex parte Woodward Iron Co. (Dowdell's Case) (Ala. Sup.) 99 South. 97,[3] a bill of exceptions is not necessary on either of the questions of fact determined by the judge in this case. The criticism of the determination of fact by the judge is, we think, not well taken; and we will not have recourse to the bill of exceptions.

The writ is denied, and the judgment of the lower court is accordingly affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.