### Ex parte WOODWARD IRON CO.
#### (6 Div. 9.)

(Supreme Court of Alabama. Jan. 17, 1924. Rehearing Denied Feb. 27, 1924.)

**1. Master and servant ⬅412—Compensation proceedings reviewable on certiorari.**

Certiorari is the proper remedy to review a judgment and finding of the circuit court in a proceeding under the Workmen's Compensation Act.

**2. Certiorari ⬅58—Lies only to review errors apparent on record.**

Certiorari lies only to review errors apparent on the record.

**3. Master and servant ⬅412—Necessity for bill of exceptions in compensation case.**

The necessity for a bill of exceptions in aid of a petition for certiorari to review an award under the Workmen's Compensation Act exists, where it is insisted that there was no evidence offered or admitted in support of the trial judge's statement of facts and conclusions determined by him, and when the facts recited in such statement are too meager to inform the court of review in respect of the entire circumstances having relation to the point in contest.

**4. Master and servant ⬅388—Findings held to show nonexistence of relation of partial dependence between compensation claimants and minor son.**

Findings of fact, in a proceeding under the Workmen's Compensation Act, that deceased employee, 18 years of age, left the home of his parents and went to a distant point in the county, rented a home of his own, and placed therein a woman in charge and supported her, though not claiming her to be his wife, *held* to show nonexistence, after leaving home by deceased, of relation of partial dependency between him and his parents so as to preclude them from claiming compensation for his death.

**5. Master and servant ⬅388—Casual gift by employee to parent held not to restore former relation of partial dependence.**

That intestate, a minor who had severed former relation of partial dependence which ex-isted between him and his parents, gave his father $10 when they casually met on the street, *held* not a recognition or a restoration of the former relationship.

**6. Master and servant ⬅412—Writ of certiorari granted where findings of fact did not support conclusion of partial dependency.**

Where the conclusion of the judge, in proceedings under the Workmen's Compensation Act, that a relation of partial dependency existed between decedent and claimants, his parents, which entitled them to compensation, was unwarranted by his findings of fact, the granting of a writ of certiorari to review an award to the parents is authorized.

Certiorari to Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Original petition by the Woodward Iron Company for certiorari to the circuit court of Jefferson County to review the judgment and finding of that court in a proceeding, under the Workmen's Compensation Act (Laws 1919, p. 206), by Burrell and Lula Long Dowdell, father and mother of Eugene Dowdell, deceased, against the Woodward Iron Company. Writ granted; reversed and remanded.

Huey & Welch, of Bessemer, for petitioner.

The statement of facts made by the trial judge is not sufficient. Acts 1919, p. 227, § 28; Ex parte Sloss Co., 207 Ala. 219, 92 South. 458; Ex parte L. & N. R. Co., 208 Ala. 216, 94 South. 289; Ex parte Nunnally Co., 209 Ala. 82, 95 South. 343; Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 South. 626. The complainants were not actual dependents of the deceased. Acts 1919, p. 217, § 14 (3), (3a); Harper's Workmen's Comp. (2d Ed.) § 128; 1 Honnold, p. 224.

William Vaughn and Louis Silberman, both of Birmingham, opposed.

A bill of exceptions is not proper in a case of this kind. Ex parte Nunnally Co., 209 Ala. 82, 95 South. 343; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803; Ex parte Smith Lbr. Co., 206 Ala. 485, 90 South. 807; Winkler v. Courson, 160 Ala. 374, 49 South. 341; Ex parte Sloss Co., 207 Ala. 219, 92 South. 458. If, on any reasonable view of the evidence, it will support the conclusion reached in the trial court, the finding and judgment will not be disturbed. Ex parte Sloss Co., supra.

THOMAS, J. The petition is for writ of certiorari.

The submission was on motion and on merits.

The motion was to strike the bill of exceptions from the transcript.

The several recent decisions defining the office of a bill of exceptions in aid of such petition are Woodward Iron Co. v. Brad-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ford, 206 Ala. 447, 90 South. 803; Ex parte W. T. Smith Lbr. Co., 206 Ala. 485, 90 South. 807; Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case) 207 Ala. 219, 92 South. 458; Ex parte L. & N. R. Co., 208 Ala. 216, 94 South. 289; Ex parte Nunnally Co. (Crosby's Case) 209 Ala. 82, 95 South. 343; Ex parte Mt. Carmel Coal Co. (Miller's Case) 209 Ala. 519, 96 South. 626. See, also, State ex rel. Niessen v. Dist. Court of Ramsey County, 142 Minn. 335, 172 N. W. 133.

[1, 2] It will not be necessary to repeat that certiorari is the proper review, and not appeal; that the office of the two remedies is not identical; and only errors which are apparent on the record can be reviewed by certiorari. City of Birmingham v. Southern Bell T. & T. Co., 203 Ala. 251, 82 South. 519; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 South. 803; Ex parte W. T. Smith Lbr. Co., 206 Ala. 485, 90 South. 807; Ex parte A. Diniaco & Bros., 207 Ala. 685, 93 South. 388; Id., 208 Ala. 695, 93 South. 921; Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case) 207 Ala. 219, 92 South. 458; Ex parte Puritan Baking Co., 208 Ala. 373, 94 South. 347; Ex parte Nunnally Co. (Crosby's Case), 209 Ala. 82, 95 South. 343.

[3] The motion to strike challenges the right to a bill of exceptions in aid of the petition for certiorari. When, therefore, does the necessity for and the right to a bill of exceptions in aid of the petition for certiorari exist? It has been declared that such is the necessity and right (1) when the insistence is that there was no evidence offered or admitted in support of the judge's "statement of facts and conclusions as determined" by him; that is, where there is any legal evidence to support the finding the same is conclusive on this court. Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case) 207 Ala. 219, 92 South. 458; Ex parte L. & N. R. Co., 208 Ala. 216, 94 South. 289; Ex parte Nunnally Co. (Crosby's Case) 209 Ala. 82, 95 South. 343; Ex parte Mt. Carmel Coal Co. (Miller's Case) 209 Ala. 519, 96 South. 626; Ex parte Shaw (Ala. Sup.) 97 South. 694.[1] Or (2) when the facts recited in the "statement of facts and conclusions as determined" by the judge "are too meager or omissive fully to inform" the court of review "in respects of the entire circumstances having relation to the point in contest." Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case) 207 Ala. 219, 92 South. 458; Ex parte L. & N. R. Co., 208 Ala. 216, 94 South. 289; Ex parte Mt. Carmel Coal Co. (Miller's Case) 209 Ala. 519, 96 South. 626.

[4, 5] The findings of fact by the judge presiding at the trial and stated by him pursuant to requirements of the statute, and exhibited in the petition for certiorari, are:

"The deceased was 18 years old, had lived with his parents till August 1, 1922, and turned

[1] 210 Ala. 185.

over his earnings to them. They bought his clothes, and gave him about $5 a month spending money. He left home about August 1, 1922, and was working for defendant as chainer in its coal mine at Mulga, Ala.; also, was living in one of defendant's houses at Mulga with a girl, supporting her, but not claiming her to be his wife. The deceased had earned an average of $12.97 per week for many months prior to August 1, 1923 [the context shows the year was 1922], when he left his parents, and his average earnings while working for defendant were $13.48 per week. His father testified that deceased had contributed nothing to his support since leaving home, except one $10 he gave him at Ensley, Ala., about two weeks before he was killed. The plaintiff usually earned an average of $15 a week and the total income of the family was $25 to $30 per week.

"Section 17, Compensation Act, provides the compensation to partial dependents shall be subject to a maximum of $12 per week and a minimum of $5 per week; provided that if income loss of the said partial dependents by such death is less than $5 per week, then the dependents shall receive the full amount of their income loss.

"It is ordered and adjudged by the court that the complainants were partially dependents of deceased; that deceased was killed in an accident arising out of and in course of employment with defendant, of which it had knowledge; that the income loss of complainants by such death is not less than $5 per week; that complainants' right of recovery is not destroyed by any misconduct or willful violation of any rules of defendant; that plaintiffs recover of defendant $5 per week for 300 weeks payments beginning December 1, 1922; that all payments now due be paid into court, and the remainder as it becomes due; that the clerk pay plaintiffs' attorneys $150 and the balance to plaintiffs, and defendant to pay all costs, for which let execution issue."

It is shown by this statement of facts and conclusions, as determined by the judge, the relation of partial dependence did not exist after August 1, 1922, when the intestate left the house or home of his parents, went to a distant point in the county, rented and went into possession and occupancy of a home of his own, placed therein a woman in charge, and supported her, though not claiming her to be his wife. It was the setting up by him of a new home, and the breaking with his parents of the old relationship, that destroyed the former relation of partial dependence on him. And the fact that intestate was found to be 18 years of age, and upon one occasion, after leaving the home of his parents, gave his father $10 when they casually met on the streets of Ensley, was not the recognition or a restoration of the former relationship of partial dependence of the parents upon a minor child.

[6] The motion to strike the bill of exceptions is granted; yet the findings of fact filed by the judge warrant the granting of the writ of certiorari.

The writ is granted, and the judgment of

the circuit court is reversed, and the cause remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.