(104 So. 251)

Ex parte ALABAMA DRY DOCK & SHIP-BUILDING CO. et al.

HILL v. ALABAMA DRY DOCK & SHIP-BUILDING CO. et al.

(1 Div. 353.)

(Supreme Court of Alabama. April 30, 1925.)

1. Master and servant ⬅️405(4)—Compensation claimant must reasonably satisfy court that accident within act caused injury.

In proceeding under the Workmen's Compensation Act, plaintiff must reasonably satisfy trial court that accident was within provisions of the act, and rational mind must be able to trace result in personal injury to a proximate cause set in motion by the employment, and not by some other agency.

2. Master and servant ⬅️412—On review in compensation case, court cannot consider bill of exceptions, where evidence is set out.

Where trial court, in proceeding under the Workmen's Compensation Act, sets out evidence on which finding was rested, according to requirements of statute, Supreme Court on review cannot look to bill of exceptions, as it is only in absence of such statement of evidence that bill of exceptions is employed.

3. Master and servant ⬅️403—Trial court's statement as to what expert testimony in compensation proceeding did not show, not considered as ruling shifting burden of proof.

In proceedings under Workmen's Compensation Act, the statement by trial court, in setting out evidence on which findings were based, as to what expert testimony did not show, when considered with other testimony, was not a ruling that shifted burden of proof from plaintiff to defendant.

Certiorari to Circuit Court, Mobile County; Claude A. Grayson, Juge.

Petition of the Alabama Dry Dock & Shipbuilding Company and the United Casualty Company for certiorari to the circuit court of Mobile county to review the judgment and findings in a proceeding by Louis Hill against petitioners under the Workmen's Compensation Act. Writ denied.

Smiths, Young, Leigh & Johnston, of Mobile, for appellants.

The burden of proof is upon the plaintiff. Rugg on W. C. 343; Schneider on W. C. 740; In re Savage, 222 Mass. 205, 110 N. E. 283; Spring Valley Coal Co. v. Ind. Comm., 289 Ill. 315, 124 N. E. 545; Hogan v. Twin City, etc., 155 Minn. 199, 193 N. W. 122.

Vernol R. Jansen, of Mobile, for appellee.

The trial judge having set out the law and facts, his conclusions will not be reviewed by certiorari. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Ex parte Smith Lbr. Co., 206 Ala. 485, 90 So. 807; Greek v. Sloss Co., 207 Ala. 219, 92 So. 458; Ex parte

---

Sloss Co., 207 Ala. 531, 93 So. 425; Ex parte Nunnally Co., 209 Ala. 82, 95 So. 345; Ex parte Coleman, 211 Ala. 248, 100 So. 114.

THOMAS, J. The case is certiorari under the Workmen's Compensation Act (Gen. Acts, 1919, p. 206).

The office of a bill of exceptions did not exist under the statute, and its construction by this court where the court sets out the evidence, as is done here. The authorities are collected in Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Ex parte Woodward Iron Co., 211 Ala. 74, 99 So. 97.

[1] The court complied with the statute in setting out the evidence on which he based the finding of facts. The manner of statement employed by the court as to what the expert testimony did not show concerning a given fact must not be taken as declaring that the burden of proof of the "resultant personal injury" was upon the defendant. The plaintiff must reasonably satisfy the trial court that the accident was within the provisions of the Compensation Act; and the "rational mind must be able to trace the resultant personal injury to a proximate cause set in motion by the employment and not by some other agency." Ex parte Coleman, 211 Ala. 248, 100 So. 114; Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728; Garrett v. Gadsden Cooperage Co., 209 Ala. 223, 96 So. 188; Hogan v. Twin City Amusement Trust Estate, 155 Minn. 199, 193 N. W. 122; Dupont, etc., Powder Co. v. DeBoise, 236 F. 690, 150 C. C. A. 22; Madden's Case, 222 Mass. 487, 111 N. E. 379, L. R. A. 1916D, 1000; Schneider on Workmen's Compensation, p. 740.

[2] The setting out of the evidence on which the finding was rested was according to the requirements of the statute, and, under the decisions, we may not look to the bill of exceptions. It is only in the absence of such statement of the evidence that a bill of exceptions is employed. Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case), 207 Ala. 219, 92 So. 458; Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289; Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Ex parte Woodward Iron Co., 211 Ala. 74, 99 So. 97.

The testimony of Dr. Perdue was set out by the court as follows:

" * * * That he examined petitioner's eye about two weeks before the trial; that he was not blind to the extent that he could not perceive light, but that he had no serviceable vision in that eye; that there was a cataract over the eye; that cataracts obscure the posterior so that you cannot tell whether the nerve is affected, but that if any light is perceived, there is some life left in the nerve; that in his opinion the blindness or cataract was not caused from syphilis; that there was a slight dislocation of the lens; that he had never seen dislocation of lens caused by syphilis; that a jar on the side of one's head sufficient to cause a fracture of skull would be sufficient to dislocate the lens, and such dislocation cause the formation of a cataract probably; that if the capsule of the eye was sufficiently ruptured, blindness might follow; that the dislocation of the lens would not necessarily become apparent or be discernable immediately, but that there would be no given time when the cataract would begin forming from a dislocated lens; that he would not say this particular blow on the head had caused the injury to the eye, but that in his opinion probably a blow had produced it."

[3] The substance of the other evidence (including other expert testimony) is likewise set forth in the finding of the court. We take it the statement by the court of what the expert testimony did not show when considered with the other evidence was in the nature of an assignment of a reason by the court in support of the finding, and was not a ruling that shifted the burden of proof from plaintiff to defendant. Expert testimony is a valuable aid to courts and juries; but it is merely advisory in its nature and legal effect, and may be disregarded, as indicated in the following decisions. Robinson v. Crotwell, 175 Ala. 194, 57 So. 23; Obear-Nester Glass Co. v. Mobile Drug Co., 208 Ala. 618, 95 So. 13; United States v. Goodloe, 204 Ala. 484, 86 So. 546; Lawson v. Mobile Electric Co., 204 Ala. 318, 85 So. 257; Citizens' Light, Heat & Power Co. v. Central Trust Co., 200 Ala. 18, 75 So. 330.

The whole record has been read in conference, and, upon the evidence set out by the court, we will not reverse its findings. We are of opinion that there is legal evidence so set out affording the inference drawn by the court, supporting the findings and conclusion of the court. Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Ex parte Woodward Iron Co., 211 Ala. 74, 99 So. 97; Ex parte Jagger Coal Co., 211 Ala. 11, 99 So. 99.

The writ of certiorari is denied.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.