(105 So. 693)

**Ex parte NATIONAL PIPE & FOUNDRY CO.**

**WEBB v. NATIONAL PIPE & FOUNDRY CO.**

(7 Div. 564.)

(Supreme Court of Alabama. June 11, 1925. Rehearing Denied Oct. 22, 1925.)

**1. Master and servant ⬤═401—Pleadings under Compensation Act need not be in technical form.**

Workmen's Compensation Act is to be liberally construed, and pleadings thereunder are not required to be in the technical form required by the common law.

**2. Master and servant ⬤═401—Complaint as amended held sufficient compliance with Compensation Act as to statement of injuries.**

In proceeding under Workmen's Compensation Act, *held* that complaint as amended sufficiently complied with section 28 of the act as to statement of nature and extent of injury, amendment of complaint going to proximate result of injury and the resulting compensation under the statute, and fact that amendment was not reverified not being sufficiently called to court's attention.

**3. Master and servant ⬤═398—Objection to notice to employer under Compensation Act held not tenable.**

In proceeding under Workmen's Compensation Act, employer's objection as to notice given *held* not tenable, in view of finding of fact by trial court that there was no controversy with respect thereto, and it appearing that the giving of notice had not been challenged on the trial.

**4. Master and servant ⬤═398—Notice required by Compensation Act may be waived or not required.**

The statutory notice of injury required to be given employer by Workmen's Compensation Act may be waived, or the circumstances may be such that it is not required.

**5. Master and servant ⬤═412—No office for bill of exceptions in compensation case where court sets out evidence.**

The effect of certiorari and of an appeal on bill of exceptions is different, and where the trial judge sets out evidence supporting finding in a workmen's compensation case, there is no office for a bill of exceptions on certiorari.

**6. Master and servant ⬤═412—Statement of evidence conclusive in supporting finding in compensation case sufficient.**

Where there is some evidence set out which supports court's finding in a workmen's com-

pensation case, that is all that is required under the statute and the provisions for review.

Certiorari to Circuit Court, Etowah County; O. A. Steele, Judge.

Petition of the National Pipe & Foundry Company for certiorari to the Circuit Court of Etowah County to review the finding and judgment of that court in a proceeding by A. T. Webb against petitioner under the Workmen's Compensation Act. Writ denied.

The amended complaint is as follows:

"The plaintiff claims of the defendant corporation compensation under the compensation laws of Alabama due and owing to the plaintiff under the following statement of facts, to wit:

"On or about the 1st day of August, 1924, the relation of employer and employee, or master and servant, existed between the defendant and the plaintiff, and plaintiff and defendant were subject to the said Compensation Act of Alabama, then in force and effect, and while so employed and engaged the plaintiff suffered injury and damage which was the proximate result of an accident which arose out of and during the course of his employment by the defendant as aforesaid, and a controversy has arisen between himself and the defendant as to the amount of compensation due to plaintiff by reason of said injuries and damage.

"Plaintiff's address is Attalla, Ala., and the defendant's address is also Attalla, Ala., so far as plaintiff is informed.

"At the time of the accident, to wit, August 1, 1924, the plaintiff was a day laborer in defendant's pipe plant in or near Attalla, Ala. at a wage of $2.70 per day, and was engaged at the time in transferring steam fittings from the foundry to the rattling room in defendant's said plant, and was working under a tripple block, when said tripple block with its attachment weighing approximately 400 pounds fell upon plaintiff, and plaintiff then and there sustained the following injuries, to wit, a bad cut on the left side of the forehead, also a bad cut on top of the head on the right side, a serious injury to the right shoulder joint involving the capsule of the said joint, an injury to the right pleura, and a general nervous breakdown due to said injuries. The defendant by and through its superintendent or general manager had immediate notice of and actually became aware of plaintiff's said injuries and claim, and paid plaintiff the sum of $7.76 for one week's compensation, and refused and declined to pay anything further, and plaintiff avers that he is entitled to compensation at the rate of $9.72 based upon his weekly average earnings of $16.-20, and the fact that he has a wife and five minor children dependent upon him and provided for under the compensation laws of Alabama.

"The plaintiff avers that he has sustained from said accident permanent partial disability to the full extent of 30 per cent. of his earning power, and therefore claims compensation of the defendant in the sum of $9.72 for a period of 90 weeks, with credit of the said sum of $7.-76 already paid to him as aforesaid."

The record recites that, after the evidence was in, the court permitted the plaintiff,

─────────────

over defendant's objection, to amend the last paragraph of the complaint by striking out with pen and ink the word "partial" where it appears, and inserting the word "total" by striking out the number "30" and inserting in lieu thereof "100," and likewise by striking the number "90" and inserting "300."

B. J. Dryer, of Woodward, and Huey & Welch, of Bessemer, for appellant.

The complaint fails to show that written notice of the alleged accident was given as required, and that the alleged accident arose out of and in the course of employment. Code 1923, §§ 7568, 7578, 7544; Ex parte Harper, 210 Ala. 134, 97 So. 140; 19 C. J. 838. It was error to permit the amendment by interlineation, it being required that the complaint be verified. Code 1923, § 7578. The bill of exceptions will be looked to, to determine whether or not the finding of fact is supported by any evidence, or based on legal evidence. Ex parte Sloss Co., 207 Ala. 219, 92 So. 458; Ex parte L. & N., 208 Ala. 216, 94 So. 289.

E. O. McCord & Son, of Gadsden, for appellee.

The question of notice is not involved, it being averred and proven that one week's compensation was paid. The act is to be liberally construed. Ex parte L. & N., 208 Ala. 216, 94 So. 289. If, on any reasonable view, the evidence will support the conclusion in the trial court, the finding will not be disturbed. Shaw v. T. C. I. Co., 210 Ala. 185, 97 So. 694; Greek v. Sloss Co., 207 Ala. 219, 92 So. 458; Ex parte Coleman, 211 Ala. 248, 100 So. 114.

THOMAS, J. The petition is for certiorari under the Workmen's Compensation Act (Acts 1919, p. 206 et seq.).

[1, 2] We adhere to the principle declared in Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728; Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289, and Ex parte Taylor, 104 So. 527,[1] that the compensation law should be liberally construed in furtherance of the humanitarian purposes leading to its enactment; and that pleading under the act was not intended to be "cast in the technical precision of the common law, or tested by the refined objections of hypercriticism." Ex parte Coleman, 211 Ala. 248, 100 So. 114.

The complaint as amended was a sufficient compliance with section 28, p. 227, of the act as to statement of the nature and extent of the injury. The second amendment by interlineation went to the proximate result of the injury and the resulting compensation under the statute. The objection made on the trial was not sufficient to call attention to the fact that as amended it was not reverified.

[3, 4] The objection as to notice is not tenable. It is recited in the finding of fact that there was no controversy as to the notice to the employer. If there was such failure as to bring this case within the rule of Ex parte Harper, 210 Ala. 134, 97 So. 140, it should have been challenged on the trial. The provision for notice may be waived, or the circumstances may be such as that it is not required. State ex rel. Crookston Lbr. Co. v. District Court, 132 Minn. 251, 156 N. W. 278; Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Ex parte Stith Coal Co., ante, p. 399, 104 So. 756.

[5, 6] The effect of certiorari, and of an appeal on bill of exceptions, is different. Ex parte Big Four Coal Min. Co. (Ala. Sup.) 104 So. 764;[2] Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803. There is no office for a bill of exceptions in the instant matter (Ex parte Paramount Coal Co. [Ala. Sup.] 104 So. 753;[3] Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289; Ex parte Jagger Coal Co., 211 Ala. 11, 99 So. 99; Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626); and it is not adverted to. The trial judge is to be commended for setting out the evidence as he did. The finding of fact by the court as exhibited is in compliance with the statute. There is some evidence set out which supports the finding as required by the statute and the construction thereof by this court. Ex parte Dry Dock & Shipbuilding Co. (Ala. Sup.) 104 So. 251.[4] This is all that is required under the statute, the purpose of its enactment, and provisions for review. Ex parte Dry Dock & Shipbuilding Co. (Ala. Sup.) 104 So. 251;[4] Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case) 207 Ala. 219, 92 So. 458; Woodward Iron Co. v. Bradford, 206 Ala. 448, 90 So. 803; Ex parte Smith Lbr. Co., 206 Ala. 485, 90 So. 807.

The writ is denied.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

---

[1] Ante, p. 282.          [2] Ante, p. 305.     [3] Ante, p. 281.     [4] Ante, p. 88.