### CRESCENT COAL CO. v. SIMMONS et al.
#### (6 Div. 4.)

Supreme Court of Alabama. March 29, 1928.

1. **Master and servant** ⬤�longrightarrow412—Bill of exceptions is unnecessary in review of compensation case, unless evidence is not set out (Workmen's Compensation Act).

In review of proceedings under the Workmen's Compensation Act (Code 1923, §§ 7534–7597), it is only in the absence of a statement in the decree rendered of the substance of the evidence offered that a bill of exceptions is employed.

2. **Master and servant** ⬤⟶412—Trial court's finding in compensation case, supported by any legal evidence, is conclusive on appeal (Workmen's Compensation Act).

Where there is any legal evidence to support finding of trial court in action under the Workmen's Compensation Act (Code 1923, §§ 7534–7597), that finding is conclusive as to the Supreme Court.

3. **Master and servant** ⬤⟶376(2)—Death of miner held fully compensable, where kick of mule aggravated abscessed condition of abdomen and hastened death (Code 1923, § 7561).

Where abscessed condition of miner's abdomen existed before injury received by kick of mule, and physical shock and injury aggravated such condition and hastened and eventuated in death of miner, there is full liability under the Workmen's Compensation Act, Code 1923, § 7561, relating to increase or prolongation of disability, not applying.

Certiorari to Circuit Court, Jefferson County; Joe C. Hail, Judge.

Proceeding under the Workmen's Compensation Act by Marion Simmons and Mollie Simmons against the Crescent Coal Company to recover compensation on account of the death of an employee. Judgment awarding compensation, and the employee brings certiorari to the circuit court of Jefferson county. Writ denied; judgment affirmed.

The facts found by the trial judge upon which the judgment was based, are as follows:

"That on the 23d day of July, 1926, Walter Simmons, the minor son of Marion Simmons and Mollie Simmons, was in the employ of the petitioner, Crescent Coal Company, a corporation, in its mine at Pritchett, Ala., as a mule driver, it being the duty of the said Walter Simmons to drive a mule hitched to cars used by the petitioner, Crescent Coal Company, a corporation, in its mining operations; that while the said Walter Simmons was engaged in and about the duties of his said employment he was injured by being kicked by a mule in the lower abdomen and right side. The evidence further shows that immediately after the mule kicked the said Walter Simmons in his abdomen and in close proximity to his appendix he was doubled up in pain, vomited, and continued to suffer excruciating pain from the time he received the kick until he died. The evidence further shows that he received the kick about 2 o'clock in the afternoon of the 23d day of July, 1926, was taken out of the mines and carried to his home, and all the while was giving expression to exclamations of severe pain, vomited, and was taken to a hospital in Birmingham, arriving at the hospital about 9 o'clock p. m. July 23, 1926, and that this condition continued to grow worse until the next day about 12 o'clock noon, when he was operated upon in said hospital. On the following day, July 25, 1926, he died.

"The evidence further showed that the said Walter Simmons had never been sick, except a bilious attack about three or four days before the injury, but that he was undernourished, that he was about 17 years of age and weighed about 110 pounds, and that on the morning of the day that he was kicked by the mule he left his home in apparent good health, was suffering from no pain of any kind, worked in the mine until 2 or 3 o'clock, at which time he was kicked by the mule in his abdomen in the region of his appendix.

"The evidence further showed that the doctor who operated on the said Walter Simmons found pus behind his bladder; that the next morning after he reached the hospital his temperature had gone up, and he had an increase of white cells up to 16,000, which was between three and four thousand more than should be, and that about 12 or 1 o'clock of the same day an incision was made and an abscess found in the abdomen, and the said Simmons was in such state that the doctor made no further investigation as to the abscess, but put in a drain, and the said Walter Simmons died the same night or the night following. The testimony of the doctor further showed that he had no opinion as to how long the abscess had been in the said Simmons' abdomen, but stated that for a wall to form around the abscess, as it had in Simmons case, that it would probably take more than 24 hours to form. It was further shown by the evidence of the doctor that the pus could have formed from a ruptured appendix. The testimony of the doctor further showed that any shock that the said Walter Simmons received could have caused that abscess to become more angry and caused his trouble to come about more quickly than if he had not received the shock, and that any such blow would naturally aggravate the diseased condition, and that a blow or kick of the nature received by Walter Simmons would tend to aggravate the

trouble. The testimony of the doctor further showed that the most frequent cause for an abscess such as the said Walter Simmons had is ruptured appendix, but that in the case of Walter Simmons the doctor did not examine him to see if he had appendicitis and did not examine his appendix or anything, because after finding the abscess he felt that it was bad surgery to try to break up the wall of the abscess and try to break up where the pus was coming from, and did what they usually do in such cases —put in a drain and let the pus come out. The doctor's evidence further showed that a violent injury could have effect on the increase in the white corpuscles, and that the condition of Walter Simmons' blood, when he was brought in there about 9 o'clock p. m. on date he was kicked, was that he had had luxite that was about four or five thousand increase over normal and that a blow in the abdomen could produce that, and that appendicitis would produce it or anything that would create an infection there. It is further shown from the evidence of the Doctor that the said Walter Simmons was a slim and undernourished young fellow and that from the top of the abscess to where Simmons had the bruise in his abdomen was three or four inches. It was further shown by the testimony of another doctor that if there had been pus behind said Simmons' bladder before he was kicked, from which he was suffering no inconvenience or pain, and he was kicked in his abdomen near his appendix, and this doubled him up in pain and he continued in that condition until operated on, that the kick would probably aggravate the abscess and bring about his death."

Thos. J. Judge, of Birmingham, for appellant.

The employer would not be liable if the death of the employee was brought about through the kick of a mule, which would not have resulted in death except for his pre-existing infirmity or condition. Code 1923, § 7561. Under the evidence of the physicians, the death of the employee could not have been produced by the kick of the mule.

Altman, Taylor & Koenig and D. R. Boyd, all of Birmingham, for appellees.

Where the trial court sets out the evidence on which its finding was rested, the Supreme Court will not look to the bill of exceptions. Hill v. Ala. D. D. & S. B. Co., 213 Ala. 88, 104 So. 251; Gulf States Steel Co. v. Griffin, 214 Ala. 126, 106 So. 898. Where there is any legal evidence to support the finding of the trial court, such finding is conclusive. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Ex parte Smith Lbr. Co., 206 Ala. 485, 90 So. 807; Ex parte Sloss Co., 207 Ala. 219, 92 So. 458. Where an accident aggravates or accelerates a pre-existing infirmity and causes death, the employer is liable under the Compensation Act. Schneider, Workmen's Compensation Law, § 138; 1 Honnold, p. 509.

THOMAS, J. The petition was for certiorari to determine liability and dependence under the Workmen's Compensation Act (Code 1923, §§ 7534–7597) for injury to a minor working in the mines, over the age of 17. The finding of the facts and the award made are according to the requirement of the statute as to presenting for review, by certiorari, the action of the trial court without the aid of a bill of exceptions.

The substance of the evidence offered on the trial is set out in the decree rendered. Hill v. Dry Dock & Shipbuilding Co., 213 Ala. 88, 104 So. 251; Gulf States Steel Co. v. Griffin, 214 Ala. 126, 106 So. 898.

[1] It is only in the absence of such statement of the evidence that a bill of exceptions is employed. Ex parte Sloss-Sheffield S. & I. Co., 207 Ala. 219, 92 So. 458; Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289; Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Ex parte Woodward Iron Co., 211 Ala. 74, 99 So. 97.

[2] Where there is any legal evidence to support the finding of the trial court, that finding is conclusive as to this court. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Ex parte W. T. Smith Lumber Co., 206 Ala. 485, 90 So. 807; Ex parte Sloss-Sheffield S. & I. Co. (Greek's Case) supra. The court so found the facts and set forth that finding in its decree or judgment, warranting the relief granted.

[3] Moreover, if the condition found by the examining physician existed before the injury received by the kick of the mule, and if that physical shock and physical injury aggravated the condition, hastened and eventuated in the death of said intestate employee, under the liberal construction given, the act extended to such case. That is to say, where the accident and injury coupled with the pre-existing infirmity caused death, there was full liability as prescribed therefor by the statute. This is not the "increase or prolongation" of 'disability made the subject of section 7561, Code of 1923.

There is a distinction between "increased or prolonged disability" and "death." Where, but for the accident and injury, the person would not have died as and when he did die, the accident is the cause of such death, though it merely accelerated a pre-existing physical weakness, infirmity, or disease. Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626. See analogy to be found in New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360; Hill v. Traveler's Ins. Co., 146 Iowa 133, 124 N. W. 898, 28 L. R. A. (N. S.) 742. The authorities are collected in Schneider, Workmen's Compensation Law, § 138; In re Bowers, 65 Ind. App. 128, 116 N. E. 842; St. Clair v. Meyer, 211 Mich. 285, 178 N. W. 705; Hanson v. Dickinson, 188 Iowa, 728, 176 N. W. 823; Patrick v. Ham Co., 119 Me. 510, 111 A. 912, 13 A. L. R. 427; Banks v. Adams Express Co., 221 N. Y. 606, 117 N. E. 1060; Utilities Coal Co. v. Herr, 76 Ind. App. 312,

132 N. E. 262. See recent case by this court of U. S. C. I. P. & F. Co. v. Hartley, 116 So. 666; [1] Honnold on Workmen's Compensation, vol. 1, § 133, p. 509, and authorities.

It follows that the judgment or decree of the lower court is without error; the petition for certiorari is denied, and the judgment of the circuit court is affirmed.

Petition denied. Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.

