No. 10,997.

SCOTT, ADMINISTRATOR, *v.* DAILEY ET AL.

DECEDENTS' ESTATES. — *Claims.*— *Practice.*— *Statute Construed.*—Two days after a claim was filed against an estate, it was brought to trial over the objection of the administrator.

*Held,* that, under the statute, Acts 1883, p. 155, section 7, this was error.

SAME.—*Liability for Attorney's Services.*—An attorney employed by residuary legatees, performing services beneficial to the estate, can not maintain a claim against the estate therefor. It is otherwise where the employment is by the administrator.

From the Marion Circuit Court.

*F. Rand* and *J. M. Winters,* for appellant.

*E. F. Ritter, L. Ritter, W. D. Bynum* and *A. T. Beck,* for appellees.

HAMMOND, J.—On May 29th, 1883, the appellees, composing the law firm of Dailey & Pickerill, filed their petition in the court below, asking an allowance to be paid out of the estate of the appellant's testate for services rendered by the appellees as attorneys at the request of residuary legatees of the deceased. Two days after filing their petition, the appellees moved its submission, but the appellant objected on the ground that the claim had not been filed against the estate in the manner, nor for the length of time, that then authorized its trial. This objection was overruled and the appellant excepted. The appellant then demurred to the petition, as not stating facts sufficient, etc., and because of a defect of parties defendants. The demurrer was overruled, and to this ruling the appellant excepted. The appellant an-

swered by the general denial. There was a trial by the court, and a finding for the appellees in the sum of $600, and, over the appellant's objection, an order was made directing payment out of the assets of the decedent's estate. The appellant's motion for a new trial was overruled and an exception reserved. The several rulings of the court referred to above, are embraced in the assignment of errors in this court. The evidence is in the record.

The facts, material to be considered, as alleged in the appellees' petition or appearing from the evidence, are as follows: The testate, at the time of his death, was the financially responsible member of the firm of Farman & Pierce, contractors, who at that time were building the court-house, in Tippecanoe county, under a contract with the board of commissioners of that county. This contract was believed to be highly prejudicial to the decedent's estate. The appellant, as administrator of the estate, acting under the authority of an order of the court, effected a compromise with the board of commissioners of Tippecanoe county, whereby, in consideration of an agreed sum of money, paid by the administrator to that county, the estate of the decedent was released from further liability on said contract. In bringing about this compromise and settlement, the appellees, under an employment from the residuary legatees of the testate, performed services worth, at least, the amount for which they obtained the allowance from which this appeal was taken. The services so rendered were not performed by virtue of any contract with the appellant, nor at his instance or request.

An executor or administrator may, when proper to do so, employ an attorney in the management of the estate, and in such case he is personally liable for the payment of his fees, unless there is a special agreement that the attorney shall look to the estate alone for their payment. But the attorney so employed may, if his services are not paid for by the executor or administrator, apply to the court for an allowance by filing his claim against the estate. *Long* v. *Rodman*, 58 Ind. 58.

It is the duty of the court to make an allowance to the executor or administrator for reasonable attorney fees where he employs an attorney in the management of the estate. R. S. 1881, section 2396. If an executor or administrator refuse to pay an attorney employed by him in the interest of the estate, the attorney may, as other claimants, file his account against the estate, under section 86 of the decedents' act, as amended by section 5, Acts 1883, p. 153. This section applies to claims against estates originating after as well as before the death of the decedent. Claims filed against estates, and not admitted by the executor or administrator, can not be tried, without his consent, until the provisions of section 95 of the decedents' act, as amended by section 7 of the act of 1883 (Acts 1883, p. 155,) have been complied with. This section requires that a claim against an estate shall be filed and placed on the appearance docket of the court ten days before the first day of a term, and if not admitted by the executor or administrator before the last day of such term, it shall be transferred to the issue docket for trial at the following term. The appellees did not comply with this statute.

Neither heirs nor legatees have power, by contract with an attorney, to bind an estate, represented by an executor or administrator, for the payment of attorney fees, however beneficial the services engaged may be for the estate. In such case the attorney can look only to his employers for compensation.

The judgment of the court below is reversed, at the appellees' costs.