# Foster *et al. v.* Foster.

*Bill in Equity to remove the Administration of an Estate from the Probate into the Chancery Court, and for a Final Settlement.*

1. *Equity pleading; rendition of decree in vacation.*—In a chancery suit between the distributees of a decedent's estate, where upon the rendition of a decree it is ordered that the register should ascertain and report in vacation, among other things, what amounts, if any, should be allowed to the solici-

tors of the complainant for services rendered in the cause, the register makes such report in vacation and it is accompanied with a written agreement of compromise between the parties to the litigation, defining the distributive interest of each in the estate, and this agreement provides for its filing in the court to be made a part of the record and incorporated in the final decree, and there is nothing to indicate that the final decree was to be deferred, such written agreement was, in effect, a written consent that a decree might be rendered according to its terms, and as such was a substantial compliance with chancery rule 80, requiring written consent to authorize submission for decree in vacation, and was a waiver on the part of the defendants of questions raised by demurrer to the bill and of their right to further plead to the bill; and, therefore, the defendants in such suit could not complain of the rendition of a final decree in vacation in accordance with such decree.

2. *Bill for settlement of decedent's estate; allowance of attorney's fees.*—Where a bill is filed by a devisee and legatee under a will against the executors of the will, who are also devisees and legatees thereunder, and against others alleged to be likewise interested, seeking to remove the administration of decedent's estate from the probate into the chancery court and to have the estate settled and distributed, which suit was prosecuted by complainant against the wishes of the other distributees who resisted the suit and made no agreement, express or implied, to contribute to the payment of complainant's solicitors, but who were represented throughout the litigation by other counsel, the allowance in the final decree of attorney's fees solicitors of complainant, to be paid out of the general fund in the hands of the executors, is unauthorized and erroneous.

APPEAL from the Chancery Court of Marshall.

Heard before the Hon. WILLIAM H. SIMPSON.

The facts of this case, so far as are necessary for an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

The appeal is prosecuted from a decree of the court directing the distribution of the decedent's estate according to the terms of agreement entered into between the parties to the litigation, and overruling the exceptions to the last report of the register, and order-

ing payment of complainant's solicitor's fees out of the general funds in the hands of the executors.

O. D. STREET, for appellant.—It cannot be gainsaid that complainant here did precisely what her testator had undertaken to provide that she should not do, that is, institute coercive proceedings for a settlement before the executors had been requested in writing to make a settlement. The sole question, then, is whether or not the testator had the power to make such a requirement. We see no reason why he might not. As has been well said by this court: "A legally established will becomes the law of descent and distribution governing the particular estate, unless it controvenes some rule of law, or of public policy."—*Jordan v. Thompson*, 67 Ala. 471. The requirement of a written request to settle is neither contrary to law, nor violative of any rule of public policy. It may truthfully be said to be a highly reasonable and just requirement.—2 Jarman on Wills (R. & T's. ed.), pp. 579, 584; *Donegan v. Wade*, 70 Ala. 501. If the court will give effect to a condition designed to discourage litigation, involving absolute forfeiture of all benefits under the will, how can they consistently refuse to give effect to one merely requiring a request before suit brought for settlement?—*Decatur Land Co. v. Palm*, 113 Ala. 531.

Requiring the distributee in such a case as this to pay his own solicitor is a rule fraught with no more hardship than the one prevailing in the generality of cases, that parties must pay their own attorneys, and another is not liable therefor, though materially benefitted by the attorney's services.—*Humes v. Land Co.*, 98 Ala. 461, 470; *Grimball v. Cruse*, 70 Ala. 544; *Strong v. Taylor*, 82 Ala. 217; *In re Tallassee Co.*, 64 Ala. 602, 603. The first requisite to the allowance of fees to solicitors in a cause is that there must be a fund in the hand of and under control of the court upon which a sort of *quasi* lien has become fixed by the institution of the suit. In the case at bar, there was no fund *in custodia legis;* it was not in the hands

[Foster et al. v. Foster.]

or under the control of the court. The case is not one to charge a fund, but to charge the executors and their sureties personally with decrees against them and not for the condemnation of property.—*In re Tallassee Co.*, 64 Ala. 602, 603; *Grimball v. Cruse*, 70 Ala. 544, 545; 3 Am. & Eng. Enc. Law (2d ed.), p. 458; *Randle v. Carter*, 62 Ala. 95, 101; 3 Am. & Eng, Enc. Law (2d ed.), pp. 453, 454 and notes. In this case, complainant's solicitors had a lien only on such decree as might be rendered in her favor.—*Warfield v. Campbell*, 38 Ala. 527; *Weaver v. Cooper*, 73 Ala. 318; *Higley v. White*, 102 Ala. 318; *Connor v. Boyd*, 73 Ala. 385; *Moseley v. Norman*, 74 Ala. 422.

The court erred in rendering a final decree upon a submission made in vacation without written consent of the parties thereto. Courts of chancery in this State can not render final decree in vacation in the absence of statutory authority, or consent in writing of the parties. The statutes and rules of practice of said court authorizes this to be done only in two cases (1) when submitted in term time and held for decree in vacation, and (2) when submitted in vacation by written consent of parties.—Code (1896) §§ 845, 847; Rules of Chan. Prac., Nos. 79, 80; Minor, 35; *Cullum v. Casey*, 1 Ala. 351; *Bank v. St. John*, 25 Ala. 566; *Rogers v. Torbut*, 58 Ala. 523; *Forrest v. Luddington*, 68 Ala. 1.

LUSK & BELL, *contra*.—The decree appealed from is a decree by confession and agreement, and from such a decree there is no appeal.—*Jordan v. Jordan*, 121 Ala. 419.

The complainant is entitled to have her solicitor's fees taxed up against the common fund for two reasons, first, because the submission of the question by agreement is broad enough to cover her solicitor's fees, as the distribution was not to be made until all costs and expenses were paid. Second under the rules of law applicable to this cause she should have her solicitor's fees taxed up against the common fund.—2

Beach on Trusts & Trustees, 732; *Anniston L. & T. Co. v. Ward,* 108 Ala. 85, and authorities; 2 Perry on Trusts, § 900 *et seq.*

SHARPE, J.—This suit was brought by appellee, who is a devisee and legatee under the will of Ira R. Foster, deceased, against the executors of the will who are also devisees and legatees, and also against others alleged to be likewise interested, seeking to remove the administration from the probate into the chancery court and to have the estate there settled and distributed. Excepting three who disclaimed all interest, the defendants each by demurrer and answer resisted the bill and the proposed removal of the administration. The demurrers were overruled and on a reference the executors' accounts for final settlement were stated before the register, who reported his findings which upon several contested items were against the executors, resulting in an increase of the fund to be distributed over that shown by the voluntary statement of accounts. In that report the register stated that it was agreed by counsel "that the chancellor is to re-refer the matter to the register to ascertain and report in vacation the amount of solicitor's fees to be allowed the complainant and the executors, and to make and state an account between the executors and the several distributees for the purpose of a distribution of the estate."

At the fall term, 1898, this report was confirmed and it was ordered that the register should ascertain and report in vacation among other things what amount, if any, should be allowed to the solicitors of complainant for services rendered in the cause. After proof taken upon this reference the register made a report in vacation stating among other matters, the amount of complainant's solicitors' fees, and the record shows that on the same day the cause was submitted for final decree on the bill, the orders of reference and the two reports thereunder, together with a written agreement of compromise made by counsel in behalf of the respective parties, defining the interest each should have in the estate after payment of all debts and the costs and expenses of

suit. The writing closes with the following clause: "It is further agreed that this instrument be filed in court as the solemn agreement in court of the parties hereto, and shall be made a' part of the record and incorporated in the final decree of. the court in this cause."

On this submission a decree was rendered in vacation, directing distribution according to the terms of the agreement, overruling exceptions to the last report and ordering payment of complainant's solicitors' fees out of the general fund in the hands of the executors.

The agreement referred to being incorporated in the submission made in vacation with nothing to indicate that the decree was to be deferred, was in effect a written consent of parties that a decree might be then rendered according to its terms. As such it was a substantial compliance with chancery rule 80, which requires written consent to authorize submissions for decrees in vacation. It was also a waiver of questions raised by demurrers to the bill, and on the part of those defendants who had not answered, it was also a waiver of their right to further plead to the bill, for otherwise the decree contemplated by the agreement might have been prevented by defenses substantially interposed. Defendants, however, are not precluded either by the agreement of compromise or by their consent to the order of reference for the ascertainment of complainant's solicitors' fees from objecting to the allowance of those fees out of the general estate. Such allowance was not agreed to, and therefore defendants are at liberty to have the decree reviewed so far as it has that effect, and that feature of the decree appears to be now the main matter of contention.

In charging those fees on the common fund held by the executors the court was in error. In a variety of cases where suits brought by some enure to the benefit of others in the production or preservation of a fund in which all are interested, equity will enforce contribution to expense of suit, including counsel fees, among those participating in its benefits by charging such expenses on the common fund, but we fail to find any con-

[Foster *et al.* v. Foster.]

vincing reason or authority for applying that doctrine to suits brought by distributees of a decedent's estate merely to procure its settlement and distribution. It was denied application in *Grimball v. Cruse*, 70 Ala. 534, where the estate involved was in the hands of a testamentary trustee, and also in *Scott v. Dailey*, 89 Ind. 477, in which case it was held that an attorney who at the instance of legatees renders services beneficial to the estate cannot charge the estate, but must look to his employers.

In *Thirlwell's Admr. v. Campbell*, 11 Bush, 168, the Kentucky court of appeals in construing a statute which was depended on as authorizing the general estate to be charged with counsel fees of the complaining distributee, said that "such a construction would produce results detrimental both to the bar and the general public, for under it the party who would be the first to commence an action would be entitled to have the whole of his counsel fees paid out of the common fund, although he might be the only one who desired suit to be brought or desired the services of the attorney he might employ; * * * * and would open the door to abuses not contemplated by the legislature as within the range of the act." This language was quoted approvingly by the same court in *Dougherty v. Cummings' Admr.*, 50 S. W. Rep. 551, and the reasoning is especially appropriate here, where there is no statute on the subject, and to the present suit, which appears to have been prosecuted by the complainant against the wishes of the other distributees, who, so far as the record shows, have made no agreement, express or implied, to contribute to fees of complainant's solicitors, but who throughout the litigation have been represented by other counsel.

The decree will stand, except that part which directs payment from the funds in the hands of the executors of the sum of six hundred dollars to complainant's solicitors, as to which part the decree will be reversed and the cause will be remanded for further proceedings in the chancery court. Appellee will pay costs of appeal.

Affirmed in part, and in part reversed and remanded.