# Jordan *et al. v.* Farrow, Guardian, *et al.*

*Bill of Sale of Lands for Division between Tenants in Common; Decretal Order allowing Attorney's Fees.*

1. *Attorney's fees; allowance thereof out of the funds arising from sale of land for division among tenants in common.*—Where a bill is filed in a court of chancery by a tenant in common, asking for the sale for division of certain lands owned by him and the defendant as tenants in common, and such sale

[Jordan *et al.* v. Farrow, Guardian, *et al.*]

is ordered and is made, the solicitors for the complainant in such suit are not entitled to be paid attorney's fees out of the funds arising from said sale.

APPEAL from the Chancery Court of Marshall.

Heard before the Hon. A. H. ALSTON.

The appellee, as guardian of minor children, filed a bill in the chancery court of Marshall county against the appellants, seeking to have certain real estate owned by the complainants and the defendants as tenants in common sold for division among them.

Upon the final submission of the cause, a decree was rendered ordering the land sold as prayed for. The lands were sold in accordance with this decree and the funds derived therefrom deposited in court. There upon the attorneys who filed a bill for the complainants in said cause, and who represented them in the litigation, filed a petition in said cause asking to be allowed attorney's fees for their services in the prosecution of said suit. Upon the hearing of this petition, the chancellor rendered the decretal order adjudging that the petitioners were entitled to be allowed the attorney's fees as asked, and ordered a reference before the register to ascertain and report what would be a reasonable solicitor's fees to be allowed such petitioners out of the funds in court, arising from the sale of said lands. From this decretal order the defendants in said suit appeal, and assign the rendition thereof as error.

O. D. STREET, for appellant.—It is clearly the law that a solicitor's fee can not be allowed to complainant in cases like this.—3 Am. & Eng. Ency. Law (2d ed.), §§ 453, 458, 459 and notes; *Foster v. Foster*, 126 Ala. 257; *Strong v. Taylor*, 82 Ala. 213; *Grimball v. Cruse*, 70 Ala. 534.

JOHN A. LUSK, *contra*, cited Code of 1896, §§ 3183, 3187; 17 Am. & Eng. Ency. Law (1st ed.), 806, 814, 815.

TYSON, J.—It seems to us too clear for disputation that counsel fees incurred by a complainant, cannot be allowed independent of a statute authorizing such al-

[Karter v. Fields.]

lowance, out of the proceeds of lands sold for partition by the chancery court among joint owners.—*Foster v. Foster*, 126 Ala. 257; *Strong v. Taylor*, 82 Ala. 213; *Grimball v. Cruse*, 70 Ala. 534.

Section 3183 of the Code is relied upon as authorizing the allowance made in this case. Conceding, without deciding it, that this section is applicable to proceedings in the chancery court authorized by section 3187 of the Code, there is nothing in it which confers upon the commissioner the right to pay to complainant or petitioner any expense incurred by him or her. The only liabilities he is authorized to discharge are the costs and expenses attending the sale including his commissions. These costs and expenses are such as have been incurred by him. The whole purpose of the enactment is to relieve the commissioner of all liabilities which he may have been bound to assume in order to make the property offered by him for sale bring its fair market value and to compensate him for his services.

The decretal order allowing the counsel fees is reversed and annulled, and a decree will be here rendered dismissing the petition.

Reversed and rendered.