(75 South. 330)

CITIZENS' LIGHT, HEAT & POWER CO. v. CENTRAL TRUST CO. OF ILLINOIS et al. (3 Div. 266.)

(Supreme Court of Alabama. April 26, 1917.)

1. APPEAL AND ERROR ⊚⟿1013—MORTGAGES ⊚⟿481—REFERENCE—EXCEPTION TO REPORT.

In determining the amount of allowances to a receiver, his attorney and the trustee in a deed of trust, a chancellor, when justice so required, could look to the whole record, including the register's report and the evidence taken on the reference, and make such decree as he deemed just in respect to the contested items, and the Appellate Court has the same right.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3993–3995; Mortgages, Cent. Dig. § 1400.]

2. APPEAL AND ERROR ⊚⟿1017 — REVIEW— CONTESTED REPORT OF REGISTER.

Although the presumption on appeal is that a register's report is correct, it is competent for the appellate court, in the case of questions as to the value of services rendered by a receiver, his attorney and a trustee in a deed of trust, to exercise its independent judgment and determine the contested items upon consideration of the whole case as developed on the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3011, 3961, 3996–4005.]

3. EVIDENCE ⊚⟿568(4) — EXPERT EVIDENCE— QUESTION OF FACT.

The court is not bound to accept the opinions of witnesses as to the value of services rendered by a receiver, his attorney and trustee in a deed of trust.

Appeal from City Court of Montgomery; Gaston Gunter, Judge.

Suit between the Citizens' Light, Heat & Power Company and the Central Trust Company of Illinois and others. From the decree, the Citizens' Light, Heat & Power Company appeals. Affirmed in part, reversed in part, and rendered.

Rushton, Williams & Crenshaw, of Montgomery, for appellant. Armbrecht, McMillan & Caffey, of Mobile, and Steiner, Crum & Weil, of Montgomery, for appellees.

SAYRE, J. The questions raised by this appeal concern the amount of allowances to the receiver, his attorney, and the trustee in the deed of trust made to secure appellant's indebtedness.

[1] The chancellor had the right, if he concluded the justice of the matter so required, to look to the whole record, including the register's report and the evidence taken on the reference, and make what decree he deemed just in respect to the contested items, and this court has the same right. Horst v. Pake, 195 Ala. 620, 71 South. 430; Faulk v. Hobbie Grocery Co., 178 Ala. 254, 59 South. 450.

[2, 3] The presumption on this appeal is that the register was right. Pollard v. American Freehold Land Mortgage Co., 139 Ala. 183, 35 South. 767. However, it is competent for the court, in the case of questions of the sort here presented, questions as to the value of services rendered, to exercise its independent judgment and determine the contested items upon consideration of the whole case as developed on the record. The court is not bound to accept the opinions of witnesses in such matters. Andrews v. Frierson, 144 Ala. 470, 39 South. 512; Robinson v. Crotwell, 175 Ala. 194, 57 South. 23.

After due consideration the court has determined the items in dispute as follows: To the receiver, $300; to the receiver's attorney, $250; to the trustee, $375. One-half the

costs of this appeal will be divided between the receiver and the trustee; one-half will be taxed against the appellant.

Affirmed in part, reversed in part, and rendered.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.