(95 South. 297)

**BLOUNT COUNTY BANK v. KAY.**
(6 Div. 740.)

(Supreme Court of Alabama. Feb. 1, 1923.)

1. **Executors and administrators ⟨⟩473, 474 (1)—Widow may remove administration and procure sale of property for division.**

Where proceedings to administer the estate of a decedent have been instituted, decedent's widow is entitled to remove the administration, and in her bill she may ask for a sale of the property of the estate for division if the estate is ready for such a step.

2. **Executors and administrators ⟨⟩473, 474 (6)—Counsel fees for removal of administration on behalf of widow and for division thereof held not chargeable against estate.**

Where, after administration proceedings were instituted, the widow sought to remove the administration to the equity side of the court, and to procure a sale of the property, praying that out of the proceeds $2,000 be invested in a homestead for herself, and that $1,000 be set apart as her exemption of personal property, services rendered by her attorney were not chargeable against the fund realized from the estate; they being rendered for the individual benefit of the widow, and not for that of the estate.

3. **Executors and administrators ⟨⟩326—Application of statutory provisions for sale or distribution of estate stated.**

Where decedent's widow sought to procure a sale of the property in the hands of the administrator in order to procure therefrom a homestead and exemptions of personal property, the proceeding is referable to Code 1907, § 5222, making provision for a sale for distribution by the probate court, rather than to section 5219, conferring upon the probate court jurisdiction theretofore exercised by chancery, but which does not contemplate sales in cases in which the property has previously been brought within the power of the court for purposes of administration.

4. **Appeal and error ⟨⟩77 (2)—Decree allowing counsel fees in administration proceedings held final and not interlocutory.**

Where a widow procured the sale of property in the course of an administration in order to obtain a homestead and personal property exemption, and her attorney interposed a petition, averring that the widow had dismissed him and praying an allowance of fees from the estate, and the court overruled the administrator's exception and granted the allowance, such decree was final and not interlocutory.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

The circuit court having assumed jurisdiction of the administration of the estate of E. L. Wade, deceased, James Kay interposes his petition for allowance of a solicitor's fee. From a decree for petitioner, the Blount County Bank, administrator, appeals. Reversed and remanded.

Ward, Nash & Fendley, of Oneonta, for appellant.

The estate of E. L. Wade is not liable to appellee for solicitor's fee. 31 Ala. 444; 31 Ala. 441; 40 Ala. 142; 113 Ala. 405, 21 South. 320, 59 Am. St. Rep. 117; Code 1907, §§ 3010, 5219. The petition of appellee did not state a cause of action. 207 Ala. 648, 93 South. 660.

James Kay, of Oneonta, in pro. per.

An appeal will not lie from this decree. Code 1907, §§ 2837–2841; 127 Ala. 342, 28 South. 415; 121 Ala. 672, 25 South. 720; 80 Ala. 345; 34 Ala. 163; 11 Ala. 562. In support of the decree rendered appellee cites 195 Ala. 560, 70 South. 733; 174 Ala. 438, 57 South. 20; 176 Ala. 151, 57 South. 776; 191 Ala. 195, 67 South. 985; 205 Ala. 189, 87 South. 803.

SAYRE, J. Pending the administration of the estate of E. L. Wade, deceased, in the probate court, his widow by attorney procured the administration to be removed to the equity side of the circuit court, and in the same bill prayed for a sale of the property of the estate, real and personal, and that out of the proceeds $2,000 be invested in a homestead for herself, that $1,000 be set apart to her as her exemption of personal property, and that certain sums, which she had expended in the payments of debts of the deceased, be repaid to her. Appellant administrator was not made a party. The defendants, children, heirs, and distributees, suffered decrees pro confesso. At that stage of the cause appellee, the attorney by whom the bill had been filed, interposed his petition, averring that complainant had dismissed him from further service in the cause, and praying that the court would allow him a reasonable fee as provided by section 5219 et seq. of the Code, "and that the same be prorated among the joint owners of said estate according to the value of each of the said shares in said estate." On the filing of this petition the court ordered a reference to ascertain the amount of petitioner's fee. The administrator appeared at the reference, and, upon the coming in of the register's report, excepted thereto on the ground that the estate of deceased was not liable to the attorney, and, in any case, the amount awarded by the

register was excessive. By its decree the court overruled the appellant administrator's exception, and on an exception taken by appellee, the attorney, increased his allowance from $175 to $250. The administrator has appealed.

[1-3] Complainant, the widow of deceased, was entitled to remove the administration. Jemison v. Brasher, 202 Ala. 578, 81 South. 80. And in her bill she was entitled to ask for a sale of the property of the estate for division or distribution if the estate was ready for that step. Dent v. Foy, 206 Ala. 454, 90 South. 317. But this does not mean that for services rendered in that behalf complainant's attorney was due to be paid out of the fund realized from the estate of the deceased; still less does it mean that he was entitled to be paid out of the estate for services rendered to complainant for her individual benefit. Services rendered by appellee were for the individual benefit of his client, the widow, not for the benefit of the estate, and for such services he was not entitled to be paid out of the estate in the manner proposed in his petition. Wilks v. Wilks, 176 Ala. 151, 57 South. 776; Bidwell v. Johnson, 191 Ala. 195, 67 South. 985. By so much of the proceedings in this cause as sought a sale of the property of the estate, the widow broke in upon the regular course of administration. This is permitted in some circumstances (Dent v. Foy, supra); still the sale here was a step in the due course of administration, and must, in our judgment, be referred to section 5222 of the Code, where provision is made for sale for distribution by the probate court, rather than to section 5219, which conferred upon the probate court the jurisdiction theretofore exercised by chancery, and does not contemplate sales in cases in which the property has previously been brought within the power of the court for the purposes of administration. In such last-named cases, that is, cases falling under the rule of 5222, no provision is made for an attorney's fee. According to appellee's theory of the case everything done by him as attorney for the widow of deceased might have been done by the administrator in the regular course of the pending administration, if the administrator had started first (Dent v. Foy, supra), but it will hardly be contended that section 5219 confers upon the administrator's attorney the right to a fee for prosecuting a charge against the estate, or that it is to the advantage of an estate that such proceeding should be set on foot by an heir, distributee, or widow of the deceased, rather than by the administrator. To whatever section the proceeding be referred, petitioner was not entitled to be paid out of the fund to be realized from a sale of decedent's property for services rendered for the peculiar personal benefit of his client.

Wilks v. Wilks and Bidwell v. Johnson, supra.

[4] Appellee has moved to dismiss the appeal on the ground that it is taken from an interlocutory decree. But the decree appealed from, the decree of February 1, 1922, is not an interlocutory decree. It purports to settle with definition and finality the rights of appellee against the estate of decedent. Judgment is rendered for appellee against appellant for the sum of $250 and costs. It does not make any disposition of the pending settlement of the estate of decedent, but appellee is not a party to that proceeding; he is rather in the position of a creditor who has recovered judgment against the administrator, and it would be quite an anomaly to hold that the administrator could not test the grounds of the judgment until he has settled the estate.

For the reasons indicated, the motion to dismiss the appeal is overruled, and the decree appealed from is reversed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.