(107 So. 210)

**DENT et al. v. FOY et al.**

**FOY et al. v. DENT et al.**

(4 Div. 196, 196A.)

(Supreme Court of Alabama. Dec. 10, 1925. Rehearing Denied Jan. 28, 1926.)

**1. Trusts** ⟂274(3)—**Trust should bear reasonable and necessary expenses of administration.**

Trust should bear reasonable and necessary expenses of administration.

**2. Executors and administrators** ⟂111(1)— **Trusts** ⟂227—**Administrator or other trustee entitled to be allowed reasonable expense for counsel fees.**

An administrator or other trustee, having need of legal counsel in prudent management and settlement of a trust, is entitled, without statute, to be allowed reasonable expense incurred for counsel fees.

**3. Partition** ⟂114(4)—**Trusts** ⟂227—**Allowance of attorneys' fees as part of costs in partition and trust proceedings limited to such as inure to common benefit.**

Under Code 1923, §§ 6261 and 9319, allowance of attorneys' fees as part of costs in partition and trust proceedings from common fund are limited to such as inure to common benefit of all those interested therein.

**4. Executors and administrators** ⟂111(1)— **Facts necessary in order to claim counsel fees for removal of administration of decedent's estate from probate to equity court stated.**

Counsel fees for removal of administration of decedent's estate from probate to equity court cannot be claimed, unless it affirmatively appears that some special equity demanded estate's removal, or that such removal was for common benefit of distributees.

**5. Executors and administrators** ⟂111(1)— **Removal of administration of decedent's estate not considered as separate item in determining fees of attorneys.**

Removal of administration of decedent's estate from probate to equity court cannot be considered as a separate item in determining fees of attorneys for services, where it was to aid in acquiring jurisdiction for other purposes.

**6. Executors and administrators** ⟂216(2)— **Counsel held entitled to compensation from common fund in proceedings requiring sufficient bond by administratrix of decedent's estate.**

Proceedings requiring a good and sufficient bond by administratrix of decedent's estate involved services for common benefit, for which complainants' counsel were entitled to compensation from common fund without showing that estate was being dissipated or that ultimate loss would have resulted from want of a sufficient bond.

---

⟂For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Executors and administrators ⚖216(2)—Services of counsel in procuring compromise of claim of decedent's widow against estate can be compensated from common estate.**

Services of counsel in procuring compromise of claim of decedent's widow against decedent's estate, which compromise enhanced estate going to heirs, can be compensated from the common estate.

**8. Partition ⚖114(4)—Attorney on effecting partition sale entitled to compensation from common fund.**

Attorney for complainant in a bill for partition sale renders service for benefit of all, and, on effecting such sale, can be compensated from the common fund without showing that property brought a higher price than might have obtained at a private sale, or that property might have been sold under different proceedings.

**9. Partition ⚖114(4)—Services of counsel in keeping bill for partition in court can be compensated from common estate.**

Services of counsel in keeping bill for partition sale of decedent's estate in court, as by defending the bill against demurrer as being multifarious, to obtain relief subsequently granted for benefit of all, can be compensated from common estate.

**10. Partition ⚖114(4)—Extra labors and responsibility cast on complainants' counsel in consummating partition sale should be borne by common fund.**

If bill for partition is resisted on ground that property can be partitioned in kind or on grounds going merely to right of complainants to maintain suit, and issue is found against respondents, extra labors and responsibility thus cast on complainants' counsel in consummating sale for common benefit should be borne by common fund.

**11. Partition ⚖114(4)—Services of counsel in litigation going to jurisdiction of court to proceed with partition suit can be compensated from common fund.**

Services of counsel in litigation going to jurisdiction of court to retain and proceed with partition sale of decedent's estate, as against a subsequent petition by administrators for same purpose, can be compensated from common fund.

**12. Executors and administrators ⚖216(2)—Counsel fees in controversy as to advancements not to be compensated from general estate.**

Counsel fees for complainant heirs in controversy with other heirs as to advancements are not to be compensated from general estate, since discovery of advancements brings in no estate for common benefit of all.

**13. Executors and administrators ⚖216(2)—Counsel fees for complainant heirs, in controversy as to advancements, not compensated from general estate, where litigation unsuccessful.**

Counsel fees for complainant heirs in controversy with other heirs as to advancements cannot be compensated from general estate, where litigation was unsuccessful.

**14. Executors and administrators ⚖111(1)—Trusts ⚖227—Administrator or other trustee may be allowed attorney's fees in litigation brought in good faith, though he failed therein.**

An administrator or other trustee may be allowed his attorney's fees in litigation brought in good faith, though he failed therein; test being whether litigation was undertaken in due and vigilant performance of duties of his trust such as court would have sanctioned on full presentation of conditions.

**15. Attorney and client ⚖140—Facts to be considered in estimating value of legal services stated.**

In estimating value of legal services, nature and value of subject-matter of employment, learning, skill, and labor requisite to its proper discharge, time consumed, professional experience, and reputation of attorney, weight of his responsibility, and measure of success achieved, are to be considered.

**16. Appeal and error ⚖931(10)—Finding of register on issues of fact accorded same presumption as jury verdict.**

Finding of register upon issues of fact heard upon evidence of witnesses, taken in whole or in part on oral examination before him, is to be accorded same presumption as jury verdict.

**17. Appeal and error ⚖991—Attorney and client ⚖167(1)—Register, trial judge, and reviewing tribunal may use their own judgment in fixing amount of attorneys' fees.**

In fixing attorneys' fees, wherein evidence consists of opinions of competent witnesses expressive of their judgment as to value of services, register, trial judge, or reviewing tribunal may call to their aid their own judgment of value of such services, and fix fee accordingly.

**18. Appeal and error ⚖931(1)—Allowance of attorneys' fees not finding of fact requiring reviewing tribunal to indulge no presumption in favor thereof when cause heard wholly on testimony in writing.**

Allowance of attorneys' fees by trial court is not a finding of facts within statute requiring reviewing tribunal to indulge no presumption in favor thereof, when cause is heard wholly on testimony in writing.

**19. Appeal and error ⚖931(10)—Register's finding as to reasonable attorneys' fee presumed to be correct.**

Register's finding as to a reasonable attorneys' fee is presumed to' be correct in same sense that all judicial findings by those charged with that duty are presumed correct until contrary appears.

**20. Appeal and error ⚖1017—Register's finding as to reasonable attorneys' fee not conclusive.**

Register's finding as to reasonable attorneys' fee is not to be accorded that conclusive character which obtains when finding is on disputed facts depending on veracity of witnesses

rather than a matter of judgment arrived at from opinion evidence aided by his own.

**21. Evidence ⬤═87—Strength of presumption depends on presence of full basis on which it rests.**

Strength of a presumption depends on presence of the full basis on which it rests.

**22. Appeal and error ⬤═989—Reviewing tribunal, in determining whether reasonable attorneys' fee allowed, looks to whole record, and applies its own judgment as to what is just between parties.**

In determining whether a reasonable attorneys' fee has been allowed, reviewing tribunal on appeal should look to whole record, including witnesses' testimony, register, and trial judge's findings, and apply its own judgment to determine what is just between the parties.

**23. Partition ⬤═114(4)—Services of counsel in taking useless testimony cannot be compensated from common fund.**

In suit for administration and partition of decedent's estate in which defendant heirs had filed their answers, admitting property could not be equitably divided without a sale, services of counsel in proceeding to examine witnesses to prove such fact cannot be compensated from the common fund.

**24. Costs ⬤═146—All parties required to avoid needless costs in litigation.**

All parties are required to avoid needless costs in litigation.

**25. Partition ⬤═114(4)—Services of counsel in examining witnesses testifying as to possession and ownership of lands sought to be partitioned can be compensated from common fund.**

In partition suit of decedent's estate, services of counsel in examining witnesses testifying as to possession and ownership of the land can be compensated from the common fund, in view of Code 1923, §§ 6661 and 6662.

**26. Evidence ⬤═571(7)—Testimony, based on extended knowledge of legal contests, entitled to much weight in determining whether reasonable attorneys' fees allowed.**

In determining whether reasonable attorneys' fees have been allowed, testimony based on extended knowledge of meaning of legal contests, and usual and proper compensation paid attorneys, though opinion evidence, is entitled to much weight.

**27. Partition ⬤═114(6)—Facts may be considered by court in exercising discretion in allowing attorney's fee; "in its discretion."**

Under Code 1923, § 9319, authorizing court, in its discretion, to allow solicitor's fee in partition suit, may consider that bill raises numerous issues, some for common benefit and some personal to complainants, necessitating employment by respondents of their own counsel, and complainants' failure in personal litigation; "in its discretion" meaning an advised, just, judicial, and revisable discretion in light of the whole record.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Discretion.].

**28. Executors and administrators ⬤═216(2)—Allowance of $5,000 as solicitor's fee in suit involving administration and partition of estate held proper.**

In suit involving administration and partition of a decedent's estate, the value of the land of which was on sales ascertained to be $128,300, allowance of $5,000 from common estate as solicitor's fees *held* proper.

Anderson, C. J., and Sayre and Miller, JJ., dissenting.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Suit in equity by Levy W. Foy and others against Helen A. Dent and others. From a decree allowing attorney's fees for complainants' solicitors, respondents appeal, and complainants bring cross-appeal. Affirmed on direct and cross appeals.

See, also, post, p. 251, 107 So. 218.

S. H. Dent, Jr., and Rushton, Crenshaw & Rushton, all of Montgomery, for appellants.

While the court may receive expert testimony, the final responsibility of ascertaining and fixing attorney's fees vests with the court, and the appellate court will exercise its independent judgment in the premises. Andrews v. Frierson, 144 Ala. 476, 39 So. 512; Citizens' L., H. & P. Co. v. Central Trust Co., 200 Ala. 18, 75 So. 330. Before any allowance for attorney's fees to be paid out of the common fund, it must appear that the service resulted in a common benefit. Bidwell v. Johnson, 191 Ala. 195, 67 So. 985; Coker v. Coker, 208 Ala. 239, 94 So. 308; De Ramus v. De Ramus, 205 Ala. 219, 87 So. 354; Graham v. Graham, 207 Ala. 648, 93 So. 660. It is improper to allow attorney's fees where there are contested matters. Johnson v. Emerick, 74 Neb. 303, 104 N. W. 169, 12 Ann. Cas. 854, note. The register's report that from his knowledge of the case the services rendered by complainants' attorneys had been of benefit was a mere assumption. Coker v. Coker, supra. Parties may not employ attorneys, to be paid out of the common fund, for litigation among themselves of adversary claims as to their respective interests. Bidwell v. Johnson, supra; Wilks v. Wilks, 176 Ala. 151, 57 So. 776. The right of one joint owner to file a bill for sale of the property, even though a sale would be injurious to other cotenants, is limited. Hamby v. Hamby, 165 Ala. 171, 51 So. 732, 138 Am. St. Rep. 23.

W. H. Merrill, of Eufaula, and Farmer, Merrill & Farmer, of Dothan, for appellees.

The report of the register has the weight of the verdict of a jury, and his findings

should be confirmed, unless unsupported by the testimony, or palpably wrong. Pollard v. American Land Co., 139 Ala. 183, 35 So. 767; Bidwell v. Johnson, 195 Ala. 547, 70 So. 685; Citizens' L., H. & P. Co. v. Central Trust Co., 200 Ala. 18, 75 So. 330; Vaughan v. Smith, 69 Ala. 92; Bowling v. State, 204 Ala. 405, 85 So. 501; Dent v. Foy, 210 Ala. 160, 97 So. 627. All services rendered by complainants' solicitors, which were for the common benefit of all, rendered in the administration of the trust, are such as will be allowed to be compensated for out of the common fund. Dent v. Foy, 210 Ala. 160, 97 So. 627. Sale of land for division was for the benefit of all concerned. Dent v. Foy, supra; Musgrove v. Aldridge, 205 Ala. 189, 87 So. 803; Butler v. Fuller, 204 Ala. 272, 85 So. 539; Flomerfelt v. Siglin, 155 Ala. 633; 47 So. 106, 130 Am. St. Rep. 67; Long v. Long, 195 Ala. 560, 70 So. 733. Services in removing the estate into chancery were for the benefit of all. Bidwell v. Johnson, supra.

BOULDIN, J. This appeal is to review a decree fixing and allowing fees of complainants' attorney in a suit in equity involving the estate of George ·H. Dent, deceased.

Decedent died February 28, 1918, leaving surviving his widow, Helen A. Dent, four children, Warren Y. Dent, George ·H. Dent, Jr., Louie H. Dent, and Helen Dent Williams, and two grandchildren, Levy W. Foy and Fred H. Foy, children of a deceased daughter.

The widow qualified as administratrix of the estate March 15, 1918.

On February 28, 1919, the Foy heirs filed a bill in the circuit court of Barbour county, in equity, against the administratrix and heirs, resulting in the chain of litigation which has continued to this date. The purposes of the bill, so far as now deemed material, were, in brief:

(a) To remove the administration of the estate from the probate court to the equity court.

(b) To require a good and sufficient bond by the administratrix.

(c) To require an inventory and accounting for the personal property of the estate.

(d) To contest a claim for dower and distributive share of the widow; and in this connection contesting the right of the administratrix to apply funds of the estate to the payment of an alleged indebtedness to her individually, or else to treat the funds so applied as a separate estate of the widow going in reduction or satisfaction of her dower and distributive interest.

(e) To have an accounting of alleged advancements made by decedent in his lifetime to the respondent heirs.

(f) For the sale of the real estate of the decedent for division among the heirs upon the ground that it could not be equitably divided.

In dealing with fees to be allowed and paid from the common estate to the attorney employed by and representing on the record some of the heirs, the others being made respondents, questions are here raised as to the right to such allowance, and, if so, for what services, and in what amount.

[1, 2] Upon general principles of equity, a trust should bear the reasonable and necessary expenses of administration. Hence an administrator or other trustee, having need of legal counsel in the prudent management and settlement of a trust, has, without statute, been uniformly allowed the reasonable expense incurred for counsel fees.

As early as Harris v. Martin, 9 Ala. 895, the rule was extended to administration ·of estates in the county court, and not denied, in a proper case, where the attorney is also the administrator. In Pinckard v. Pinckard, 24 Ala. 250, the administrator was allowed from the common estate the fee of his attorney in contests with the heirs touching items of his account, although some items were not sustained, if he acted in good faith, with due diligence, and upon competent advice. At the same time it was declared an administrator was not entitled to an attorney's fee for protracting the administration by a bill in equity to enjoin the heirs from forcing a settlement in the probate court. Bendall v. Bendall, 24 Ala. 297, 60 Am. Dec. 469.

In Grimball v. Cruse, 70 Ala. 534, an attorney's fee was allowed the executor upon a bill for the construction of a will, setting up the conflicting claims of beneficiaries thereunder, and seeking that construction which in his judgment would carry out the purposes of the testator, but not in litigating as a mere partisan between rival claimants.

These cases are illustrative of the rules for allowance of attorney's fees to trustees, charged with the duty of protecting the interests of others. At bottom the rule rests upon the natural equity that he who gets the benefits should bear the burdens.

The rule was not always limited to attorneys' fees for services to trustees. It applied to creditors' bills in general. Thus, in Strong v. Taylor, 82 Ala. 213, 2 So. 760, a bill by one creditor against the trustee in a general assignment to bring in assets for the benefit of all, complainant was given counsel fees for prosecuting the bill, including services in putting the trustee under a good and sufficient bond. In creditors' bills, consent to share in the expense and cost of suit is in equity a recognized condition precedent to allowance of claims. But, in cases of estates in the hands of executors, or administrators, suits conducted by· heirs or devisees, although inuring to· the benefit of others, did not entitle the complainants to attorneys' fees out of the common fund.

In Grimball v. Cruse, 70 Ala. 534, 544, it was said:

"If some of the parties asserting claim to the property employed counsel to press an interpretation of the will favorable to their views and interests, this was their act, their contract; and if others, standing in like interest, were benefited by the decision thus obtained, we know of no rule of law for fastening a liability on them for any part of the fee. Few decisions are rendered, affecting property rights, that do not in some respects benefit others, who are not parties to the suit or the retainer. To travel beyond the parties making the contract, in search of an implied promise to pay for such incidental benefit, would introduce a new and dangerous principle in implied contracts, the extent of which it is difficult to conjecture. In Roselius v. Delachaise, 5 La. Ann. 481 [52 Am. Dec. 597], the principle declared is well expressed in the headnote, as follows: 'However valuable the services of an attorney may have been to a party in a suit, in which he represented others having a similar interest, he cannot recover a fee from a party who has not employed him.'"

In Foster v. Foster, 126 Ala. 257, 263, 28 So. 624, 626, counsel fee was denied on a bill by distributees to remove the administration to the chancery court and effect a settlement and distribution. This court said:

"In Thirlwell's Adm'r v. Campbell, 11 Bush (Ky.) 168, the Kentucky Court of Appeals, in construing a statute which was depended on as authorizing the general estate to be charged with counsel fees of the complaining distributee, said that 'such a construction would produce results detrimental both to the bar and the general public, for under it the party who would be the first to commence an action would be entitled to have the whole of his counsel fees paid out of the common fund, although he might be the only one who desired suit to be brought or desired the services of the attorney he might employ; * * * and would open the door to abuses not contemplated by the Legislature as within the range of the act.' This language was quoted approvingly by the same court in Dougherty v. Cummings' Adm'r [Ky.] 50 S. W. 551, and the reasoning is especially appropriate here, where there is no statute on the subject, and to the present suit, which appears to have been prosecuted by the complainant against the wishes of the other distributees, who, so far as the record shows, have made no agreement, express or implied, to contribute to fees of complainant's solicitors, but who throughout the litigation have been represented by other counsel."

See, also, Humes v. Decatur Land Co., 98 Ala. 461, 13 So. 368.

In Jordan v. Farrow, 130 Ala. 428, 30 So. 338, it was expressly held that counsel fees incurred by complainant in proceedings in chancery for the sale of lands for division could not be allowed out of the common fund. Foster v. Foster, supra, was decided in 1899, and Jordan v. Farrow in 1900.

Thus stood the law until the act of February 2, 1903 (Acts, p. 33, § 1), now codified as sections 6261 (3010) and 9319 (5219) of the Code of 1923. This statute is more inclusive than the Kentucky statute mentioned in Foster v. Foster, supra.

Broadly speaking, this statute wrought two changes in the existing rules: (1) Extending the rule theretofore obtaining in cases "involving the administration of a trust" to include cases "involving a sale of property for distribution or where there is a partition in kind of real or personal property between tenants in common"; (2) authorizing a reasonable fee, taxed as costs, to the attorneys representing the "trust, joint, or common property, or any party in the suit or proceeding."

As applied to attorneys representing the "trust," the statute may be regarded as a statutory adoption of the rule theretofore in force. The extension of the rule to partition proceedings, and to services in representing any party to the suit, has occasioned the construction of the statute in numerous cases.

[3] For reasons of sound policy, as well as upon constitutional grounds, it is the settled construction that attorneys' fees from the common fund are limited to such as inure to the common benefit of all those interested therein. In partition proceedings, the limitation to services "for a common benefit of all" has been expressly incorporated in the statute. Code 1923, § 9319; Flomerfelt v. Siglin, 155 Ala. 633, 47 So. 106, 130 Am. St. Rep. 67; Wilks v. Wilks, 176 Ala. 151, 57 So. 776; Bidwell v. Johnson, 191 Ala. 195, 67 So. 985; Id., 195 Ala. 547, 70 So. 685; Butler v. Fuller, 204 Ala. 272, 85 So. 539; De Ramus v. De Ramus, 205 Ala. 219, 87 So. 354; Musgrove v. Aldridge, 205 Ala. 189, 87 So. 803; Graham v. Graham, 207 Ala. 648, 93 So. 660; Coker v. Coker, 208 Ala. 239, 94 So. 308; Dent v. Foy, 210 Ala. 160, 97 So. 627; Ex parte McLendon, 212 Ala. 403, 102 So. 696.

We come to consider what services rendered by complainants' counsel during the long and varied litigation shown by this record are chargeable to the common fund. The filing of the bill was followed by a proper order removing the administration of the estate from the probate court to the equity court.

[4] Under present statutes, the heir may upon his own election by statutory petition cause the removal of the administration. His ex parte opinion that it may be better administered in the court of equity may not be shared by any other heir or distributee. Common experience is that such action may prolong the administration, increase costs, and work no benefit to the beneficiaries of the estate. The warning in Foster v. Foster, supra, is worthy of careful consideration. In order to claim counsel fees for the removal of the administration merely, it should be made to affirmatively appear that some special equity demanded its removal, or from other facts of the particular case the removal of the estate was for the common benefit of the distributees. Coker v. Coker, 208

Ala. 239, 94 So. 308; Ex parte McLendon 212 Ala. 403, 102 So. 696.

[5] In the present case the removal of the administration was in aid of acquiring jurisdiction for purposes of obtaining the relief sought by other features of the bill, and need not be considered as a separate item for compensation.

[6] The proceedings requiring a good and sufficient bond by the administratrix involved services for the common benefit for which complainants' counsel is entitled to compensation from the common fund. It was not necessary to show that the estate was being dissipated, or that ultimate loss would have resulted from want of a sufficient bond. The beneficiaries of the estate were entitled to have their interests safeguarded, as the law demands. Removing the hazard of loss from any cause for which bondsmen may be made to account is a common benefit to all. Services in this connection properly cover all the necessary proceedings to that end, including removal of the administratrix, the reference to ascertain the amount of a proper bond, and following it up until the bond was actually given by the new administrators. The same obtains as to procuring an inventory of the personal estate, which had not been filed as the law requires, nor until more than a year thereafter. Coker v. Coker, 208 Ala. 239, 94 So. 308; Bidwell v. Johnson, 191 Ala. 195, 67 So. 985.

Coker v. Coker, supra, was the case of an executor excused by the will from making bond. It was held services in requiring bond were properly allowable, but the measure of compensation should be considered in connection with the necessity of a bond, vel non, to prevent an impairment of the estate. In the present case the law required a bond as of course, and no proof of danger of loss was demanded.

In dealing with the claim of the widow for dower, distributive interest, and indebtedness due her, the following appears:

At the time of the filing of the bill the widow had presented a claim for $20,000 against the estate, and had filed in the probate court her petition for dower in the landed estate, whose ascertained value on sales was $128,300. The administratrix had applied funds of the estate to the payment of the claim presented by her individually. The bill contested these claims as above mentioned. Pending the suit, a compromise was made wherein the widow retained the amount paid herself, received a deed in fee to the home place valued at $5,000, and in consideration thereof executed her deed and release, conveying all her dower and homestead rights in the lands and her distributive interest in the personal estate, of the value of some $40,000, after deducting the $20,000 retained by the widow.

[7] In passing upon whether the services of complainants' attorney in procuring this compromise were beneficial to the estate, regard should be had to the claims made at the time the bill was filed, and what was actually received on the compromise. Whatever friendly motive may have contributed to the acceptance of lesser amounts by the widow, the result was to enhance the estate going to the heirs. The services to that end were for the benefit of all, and should be compensated from the common estate. The lands involved were finally sold for division among the heirs or tenants in common under this bill, and brought $63,000.

[8] The attorney for complainant in a bill for the sale of real estate for division among joint owners renders service for the benefit of all, and, upon effecting such sale, is due to be compensated from the common fund. The common benefit is in bringing about a division of the lands through a judicial sale, so that each of the joint owners can have and enjoy his own. In this benefit all parties share alike. It need not appear that the property brought a higher price than might have been obtained at private sale, or that it might have been sold under different proceedings. Dent v. Foy, 210 Ala. 160, 97 So. 627; Musgrove v. Aldridge, 205 Ala. 189, 87 So. 803; Butler v. Fuller, 204 Ala. 272, 85 So. 539; Flomerfelt v. Siglin, 155 Ala. 633, 47 So. 106, 130 Am. St. Rep. 67.

In this connection we mention certain litigation which ensued upon the filing of the bill. Respondents demurred to the bill as multifarious. The demurrer being overruled, an appeal was taken to this court and the decree on demurrer affirmed. Dent v. Foy, 204 Ala. 404, 85 So. 709.

[9] In so far as the services of the attorney in this litigation contributed to keep the bill in court to obtain the relief subsequently granted for the benefit of all, such services should be compensated from the common estate.

Pending the suit, the administrators, upon written consent of heirs, filed a petition for the sale of these lands for division. The lower court sustained a plea in abatement to this petition. An appeal was prosecuted to this court, and on rehearing the cause was affirmed. Dent v. Foy, 206 Ala. 454, 90 So. 317.

This litigation went to the jurisdiction of the court to retain and proceed with a sale for division under this bill as against a subsequent petition by the administrators for the same purpose. No occasion arises on this appeal to reconsider the decision of the majority of this court on that hearing, nor the prior decision on demurrer to the bill.

We are dealing only with the question of attorneys' fees in the light of accomplished results. The issue presented did not relate to a controversy between the heirs as to their respective interests in the property, but was in resistance of the sale of the property for the common benefit.

[10, 11] If such bill is resisted upon the ground that the property can be partitioned in kind, or on grounds going merely to the right of complainants to maintain the suit, and the issue is found against respondents, the extra labors and responsibility thus cast upon complainants' counsel in consummating a sale for the common benefit should be borne by the common fund. Counsel fees, under the statute, are taxed as part of the costs of suit. The law of costs is penal in nature. Subject to change for good cause, the rule is the loser should at least contribute to the cost which he has caused to be incurred. The litigation we are considering was declared an element entering into the compensation of complainants' counsel in Dent v. Foy, 210 Ala. 160, 97 So. 627, a branch of the same litigation. We see no reason to depart therefrom.

The feature of the bill seeking to charge respondent heirs with advancements was fully litigated. The decree of the court below was for complainants as to some advancements. On appeal this decree was reversed and rendered as to this issue. Dent v. Foy, 210 Ala. 475, 98 So. 390.

[12] Counsel fees for complainant heirs in a controversy with other heirs as to advancements are not to be compensated from the general estate. Advancements, it is true, are regarded as part of the estate for purposes of a division of the estate on hand at the death of the decedent. But discovery of advancements brings in no estate for the common benefit of all. The proceeding is essentially personal and adversary as between the heirs, serving to increase the share of one and decrease the share of the other in the estate being administered.

[13, 14] Moreover, complainants failed in this branch of the litigation. We recognize the established rule that an administrator or other trustee, charged with the legal duty to faithfully execute the trust, may be allowed his attorneys' fees in litigation brought in good faith, though he fail therein. The test is, Was the litigation undertaken in the due and vigilant performance of the duties of his trust—such as the court would have sanctioned upon a full presentation of the conditions? This is the rule recognized in arguendo in Bidwell v. Johnson, 191 Ala. 195, 203, 67 So. 985.

There is a sharp distinction between the case of a trustee and that of an heir or beneficiary, charged with no trust to conserve the common estate, but who proceeds on his own motion, in his own interest, without the participation of other heirs, to bring suit to bring in supposed assets, and fails in his attempt. To call upon the other heirs to contribute to his counsel fees because they would have benefited had he succeeded is not in keeping with the spirit of the statute. Its basis is benefits received. To extend the rule to such case, in whatever good faith it was begun, would invite abuses it is the policy of the law to prevent.

This brings us to consider the amount of the attorney's fee properly allowable from the common estate. This issue was referred to the register for report. After hearing the testimony of numerous practicing attorneys, some by deposition and some on oral examination, the register reported that on the testimony and his own knowledge of the service rendered the fee for services for the benefit of all should be fixed at $10,000. On exception, the court reduced the allowance to $5,000.

Appellants insist that no fee should be allowed. This position we deem untenable. They further insist that, if allowed, the amount fixed by the court should be reduced. Cross-appellants insist that the register's finding should be approved, or the amount fixed by the court increased.

[15] In estimating the value of legal services, "many elements may be material for consideration, among which are the nature and value of the subject-matter of the employment; the learning, skill, and labor requisite to its proper discharge; the time consumed; the professional experience and reputation of the attorney; the weight of his responsibility; and the measure of success achieved." Faulk v. Hobbie, 178 Ala. 254, 266, 59 So. 450, 454.

[16] The general rule has been long established that the finding of the register upon issues of fact heard upon evidence of witnesses, taken in whole or in part on oral examination before him, is to be accorded the same presumption as obtains in favor of the verdict of a jury. This is but an application of the rule that the trior of fact, whether jury, register, or judge, having an opportunity to see and hear the witnesses, observe their intelligence, their manner on the witness stand, their bias, or want of bias, is in better position to determine the probative force of their testimony than a court looking only to a note or record of the testimony. This rule has been applied to the register's finding of reasonable attorneys' fees, and extended to review on appeals in this court. Bidwell v. Johnson, 195 Ala. 547, 70 So. 685; Pollard v. Land Co., 139 Ala. 183, 35 So. 767; Faulk v. Hobbie, 178 Ala. 254, 59 So. 450; Anniston Loan Co. v. Ward, 108 Ala. 85, 18 So. 937; Roy v. O'Neill, 168 Ala. 361, 52 So. 946.

[17] Alongside this rule, and frequently in the same cases where it is announced, there is declared the further rule that in the matter of fixing attorneys' fees, wherein the evidence consists of the opinions of competent witnesses expressive of their judgment as to the value of the services, the register may call to his aid his own judgment of their value, and fix the fee accordingly. This latter rule extends to the trial judge, and on to this court on appeal. Citizens' Light Co. v. Central Trust Co., 200 Ala. 18, 75 So. 330; Dent v. Foy, 210 Ala. 160, 97 So. 627; Tyson

v. Thompson, 195 Ala. 230, 70 So. 649; Faulk v. Hobbie, 178 Ala. 254, 59 So. 450; Andrews v. Frierson, 144 Ala. 470, 39 So. 512; Horst v. Pake, 195 Ala. 620, 71 So. 430; Robinson v. Crotwell, 175 Ala. 194, 57 So. 23.

This right to exercise their own judgment in fixing attorneys' fees has been extended to a jury. Thus in Lowe v. Reed, 207 Ala. 278, 92 So. 467, it is said:

"While qualified attorneys are competent witnesses to show the reasonable value of legal services, and their opinions must be considered and given due weight by the jury, yet they are not conclusive of the issue, and are not binding on the jury, who may nevertheless find that the reasonable value of the services in question is greater or less than the value accorded by the opinion witnesses."

It is apparent that in fixing attorneys' fees neither the verdict of a jury nor the finding of the register rests wholly upon a finding of controverted facts, depending upon the testimony of witnesses. In connection with the opinion evidence, their own judgment may enter as an element in their finding.

When a presiding judge comes to hear, for example, a motion for a new trial upon the ground that the verdict of a jury fixing attorneys' fees is excessive or inadequate, surely the trial court may likewise consult his own knowledge of the fair value of the services. His special knowledge of such matters would entitle his finding to due consideration by this court.

[18] Taking the case of exceptions to the report of the register fixing attorneys' fees, the trial court, who has heard the proceedings and witnessed the services the same as the register is quite as well qualified to exercise his judgment as to a proper allowance. The witnesses in such case being well-known members of the bar, the court can likewise give due consideration to their judgment as expressed in the evidence. His finding 'is not strictly a finding of facts within the statute requiring us to indulge no presumption in favor thereof when the cause is heard wholly on testimony in writing.

We are not here overruling any of our former decisions, but amplifying and applying the rules therein declared.

[19-22] The register's finding as to a reasonable attorneys' fee is presumed to be correct in the same sense that all judicial findings by those charged with that duty are presumed correct until the contrary appears. Neither the verdict of a jury nor the finding of the register, given the same effect, is to be accorded that conclusive character which obtains when the finding is upon disputed facts depending upon the veracity of witnesses rather than a matter of judgment arrived at from opinion evidence aided by their own. The strength of a presumption depends upon the presence of the full basis upon which it rests. Accordingly, we follow

the rule laid down in Citizens' Light Co. v. Central Trust Co., 200 Ala. 18, 75 So. 330, and approved in Dent v. Foy, 210 Ala. 160, 97 So. 627, viz.: This court on appeal should look to the whole record, including the testimony of the witnesses, the finding of the register, and the finding of the trial judge, and apply to the whole our own judgment to determine as best we can what is just between the parties.

Appellants complain at the delay in settlement and costs incurred in the long litigation. Both parties have contributed to the delay and expense by litigating matters wherein they failed to sustain their contentions.

[23, 24] Matters hereinbefore discussed show complainants were well within their rights in filing the bill for the purposes in which relief was obtained. Complaint is also made that, after the respondents, all adults, had filed their answers admitting the property could not be equitably divided without a sale, complainants proceeded to examine several witnesses whose testimony covers may pages of the record to prove this admitted fact. This complaint is well founded. All parties owe a duty to avoid needless costs in litigation. Taking this testimony cannot be considered service in the interest of the estate, but rather the contrary.

[25] Much of the testimony of the same witnesses, however, is directed to proof of possession of the 11 different tracts or parcels of property, the location and condition thereof, and followed by the title deeds of decedent thereto.

Section 6661, Code of 1923, provides that upon a judicial sale of real estate the court may cause an abstract of title to be made. The costs of the abstract are taxed as costs. Section 6662. The purpose is to give ready reference to titles for the protection of prospective purchasers, and in aid of an advantageous sale.

[26] For like reasons evidence of possession and ownership, within proper bounds, is not improper. Several attorneys of unquestioned standing, and for the most part of extended experience, were examined by complainants, and none by respondents. Their testimony uniformly sustained the finding of the register. Some witnesses gave evidence of value of services in the advancement proceedings; but, eliminating that feature, their evidence still supports the finding as well as the witnesses not questioned on that phase of the case. While opinion evidence, such testimony, based upon extended knowledge of the meaning of legal contests, and the usual and proper compensation paid attorneys, is entitled to much weight.

Two matters seem to us, however, to demand attention in passing upon the finding of the register and that of the trial judge. There were pending at the same time two other suits for the sale of lands owned by decedent in common with third parties. One

of these was Dent v. Foy, 210 Ala. 160, 97 So. 627, wherein a fee of $2,000 was allowed complainants' solicitors. The other is a companion case (6 Div. 289, 107 So. 218[1]), submitted and considered along with this cause, wherein a fee of $3,000 was allowed. The litigation in the three cases was largely common to all. This would not reduce the total fees to the sum properly allowed, if all the lands were covered by one suit, but, in so far as the labor and responsibility involved services common to all the cases, a just apportionment should be made. The aggregate allowance, so far as based upon that common service, should be here considered.

[27] When a bill raises numerous issues, some for the common benefit and some personal to complainants, necessitating the employment by respondents of their own counsel, and complainants fail in the personal litigation, should these facts be taken into the equation in fixing the amount which should in equity be allowed against the common estate? We think so. The question is, not what fee is justly due counsel for services in the whole case, nor any particular services, but rather, considering the benefits and the burdens, in the light of the whole record, what sum should be paid out of the common funds because of services rendered for the common benefit.

The statute (section 9319) says: "The court may, in its discretion, allow a reasonable solicitor's fee to the solicitors of the parties" to be a charge on the common fund "when the services are for a common benefit of all." The clause "in its discretion" should be given some field of operation. It means an advised, just, judicial and revisable discretion in the light of the whole record.

The case of Blount County Bank v. Kay, 209 Ala. 74, 95 So. 297, was a suit by a widow to remove the administration to the court of equity and sell the real and personal property for the purpose of carving out her homestead and personal exemptions.

It is distinguishable from cases for the "sale of property for distribution" under section 3010, Code of 1907, or like proceedings by tenants in common under section 5219, Code of 1907.

[28] Without prolonging the discussion or going into further details, and after careful consideration, we reach the conclusion that the decision of the trial judge was about as equitable as may be rendered. It follows the cause is affirmed on direct and on cross appeal.

Affirmed.

SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

ANDERSON, C. J., and SAYRE and MILLER, JJ., dissent on the authority of Blount County Bank v. Kay, 209 Ala. 74, 95 So. 297; Wilks v. Wilks, 176 Ala. 151, 57 So. 776; Bidwell v. Johnson, 191 Ala. 195, 67 So. 985.

