I would affirm an award of ten per cent (10%) of the sale price as an attorney fee upon the appellees' agreeing to remit the balance of the attorney fee awarded from the common fund.
 "In all actions and proceedings in the . . . circuit courts . . ., where there is involved the . . . sale of property for distribution, or where there is a partition in kind of real or personal property between tenants in common, the court having jurisdiction of such action or proceeding may ascertain a reasonable attorney's fee, to be paid to the attorneys or solicitors representing . . . joint or common property, or any party in the action or proceeding, and is authorized to tax as a part of the costs in such action or proceeding such reasonable attorney's fee, which is to be paid when collected as the other costs in the proceeding to such attorneys or solicitors as may be directed or ordered by the court and to be a lien on the several parts in case of partition in kind."
Alabama Code 1975, § 34-3-60. "The common benefit is in bringing about a division of the lands through a judicial sale, so that each of the joint owners can have and enjoy his own."Dent v. Foy, 214 Ala. 243, 248, 107 So. 210, 215 (1925). There was no evidence before the trial court to contradict the evidence that for more than 30 years in cases involving sales for division, attorney fees had been based on the value of the property and not on an hourly rate and that the minimum fee in Baldwin County in sale-for-division cases was 10% of the sale price. *Page 473 
If the attorneys for the appellees feel that additional sums are owed for services rendered in this matter, they could be recovered from their clients, the individuals for whom the services were rendered, if this did not conflict with the attorney-client employment contract.
There is no question that the attorneys performed many services not normally required in an action for a partition of property or a sale for division; however, I am persuaded that most of this extra work, if not all of it, was for the benefit of some rather than all of the joint owners of the property sold. In Irons v. Le Sueur, 487 So.2d 1352, 1359 (Ala. 1986), I acknowledged the perseverance of the attorney for the plaintiffs in keeping the case in court and getting it to trial in light of the fact that "[t]he defendants obtained continuance after continuance for the purposes of giving birth, sustaining life, recovering from injuries sustained in a car crash, and lecturing at a legal seminar." However, in Irons v.Le Sueur, all of the extra effort of the attorney for the plaintiffs was to bring about the division of the property and to distribute to each his own, a common benefit.